Judge Marshall
delivered the Opinion of the Court.
We are inclined, to the opinion, and it seems to be established by the case of Hagan vs. Tobin, (Spring Term, 1837,) that a surety in a delivery or forthcoming bond, may, where there has been an improper refusal on the part of the sheriff to receive the property, though tendered to him, in substantial compliance with the bond, be relieved from the forfeiture imposed by law, for a non-delivery—being still made responsible for so much of the property as may appear to have been subject to the execution. We are also inclined to the opinion, that a delivery or tender, at the place and on the day appointed, and at such hour of the day as will enable the sheriff, without inconvenience or violation of law, to proceed in the coercion of the debt, in the same manner, with the same effect, and in the same time, as if the property had remained in his own possession, is a substantial compliance with the bond, notwithstanding it may, by the sheriff’s watch, be a few minutes after the appointed hour of twelve o’clock. Such a delivery fulfils substantially every object of the law, which cannot be supposed to have intended to inflict the penalty of paying the whole debt, for such a variation in the time of delivery as might occur between different time pieces, when the party bound is honestly endeavoring to comply with his obligation, and tenders the property when every purpose of its delivery may be accomplished. Yet, as it is entirely clear that nothing less than the delivery of all the property covered by the bond, or, at least, of so much of that, or other property, as is sufficient to pay the debt, or the payment of the debt by other means, will, according to the proper construc *552 tion of the statute, discharge the surety from his liability for the whole debt; and as the Court of Equity cannot relieve against such liability, on the mere ground of its being a penalty or forfeiture, when, under a, proper construction of the statute, it has actually occurred, for this would be to dispense with the statute, which the Court has no power to do—it follows that, where a material portion of the property levied on and covered by the bond, has not been delivered or tendered, and where the property tendered is wholly insufficient to satisfy the execution, and no other means of satisfying it is offered, there is a substantial failure to comply with the bond, and with the objects of the law, and a forfeiture is incurred, against which there can be no relief in equity, unless in a case where the failure has been caused by the act of God or of the law, or by inevitable accident, or perhaps by some circumstance against the will, and beyond the control of the obligors in the bond, and in despite of their honest efforts to comply with their obligation.
A comp't cannot have relief in eq. upon mere proof, without allegations in his hill, to which the proof can apply. The allegation is, that, to discharge a delivery bond, the horse for which it was taken was tendered, &c. but as the bond was for a horse, saddle and martingal , a tender of the horse only, did not save the forfeiture; and, tho’ the proof may show that, the other things were tendered with the horse, as the bill does not allege it, there can be no relief against the consequences of a forfeiture of the bond.
*552 In this case, the judgment under which the delivery bond was taken, was for two hundred dollars, with interest and cost; the execution was levied on a horse, saddle and martingal, the delivery of which was intended to be secured by the bond, in which the complainant, William Saddler, was surety. The bill states an offer to deliver the horse at the time and place appointed in the bond, and a refusal by the sheriff to receive him; and these allegations are substantially supported by the proof. But the bill makes no mention whatever of the saddle and martingal, and contains nothing which can be construed to refer to them; and there was no offer of payment, or of other property to satisfy the execution. The horse is alleged to have been worth less than a fifth of the debt, and is proved to have been afterwards sold by the debtor, for fifty dollars. There is no proof of the value of the saddle and martingal. But we cannot say that they did not form a material and valuable portion of the property levied on. If they alone had been levied on, the failure to deliver them, without just excuse, would have been a forfeiture of the *553 bond, from which the surety could not have been relieved in equity. The tender and refusal of the horse, which was insufficient to pay the debt, was no excuse for failing to deliver the other property; and constitutes no ground for relief against the consequences of such failure. Nor does the fact that the surety claimed the horse to be his own property, and not subject to the execution, vary the case. If this claim was just, and was intended to be insisted on, there was the more necessity for delivering the other property, as, in that case, it was the only property to be sold under the execution. What might have been the equity of the case, if the entire property levied on had belonged to the surety, and was intended to be claimed by him, need not be decided. As the case stands, the bill fails to show any proper ground for relief in equity, because its allegations do not extend to all of the property for the delivery of which the complainant was bound.
Tho’ a court of eq. may, under some circumstances, relieve against the consequences of the forfeiture of a delivery bond—it cannot cancel the bond, by its decree.
It seems probable, however, from the deposition of the sheriff, that the saddle and martingal were offered to be delivered with the horse: and the question is whether the proof of this fact, which is not alleged, can supply the defect in the bill, and entitle the complainant to relief, to which he is not entitled, either upon the bill or answer. According to the general rules of chancery practice, it certainly cannot. And whatever may be the hardship of the case, if the fact be as it appears to be on the evidence, such evidence not being within the pleadings or the issue, is entitled to no effect, and cannot serve as the foundation of a decree.
It may be proper to remark further, that, if the complainant had been entitled to any relief, the Court has gone beyond its powers in the decree tendered, by decreeing a cancelment of the delivery bond, and permitting, or professing to permit, the plaintiff at law to sue out execution, on his judgment. As was said in the case of Hagan vs. Tobin, above referred to, “the Chancellor cannot enter the common-law tribunal and quash the bond.” It is the bond, and the return of the sheriff that it was not complied with, which prevent the suing out of process on the judgment. And as the Chancellor can *554 neither remove the obstruction, nor compel the common law tribunal to disregard it, he cannot, in any proper sense, permit the plaintiff to proceed on it.
The decree is therefore reversed, and the cause remanded, with directions to dismiss the complainant’s bill.