Mr. Chief. Justice Shaekey
delivered the opinion of the court.
The appellant filed his bill in the vice-chancery court, to enjoin the sale under execution of two lots in the town of Grenada, and for general relief. He was not a party to the original judgment, but had become liable on a forthcoming bond. The vice-chancellor decreed against the complainant, and he appealed. The judgment was in favor of Williams, and against Armour, Lake, and Morton.
The first ground on which relief is sought, is, that the judgment was founded on a usurious consideration. This defence should have been made at law, by Armour, Lake, and Morton. They are defendants, instead of being plaintiffs, in this bill. The surety in a forthcoming bond becomes liable by signing and forfeiting the bond; the re-delivery of the property is the consideration, and he cannot go into equity, apart from his principal, to re-investigate the original judgment.
The same plaintiff had recovered two judgments against the same defendants, in both of which forthcoming bonds ha'd been given, with different sureties. Complainant insists that a credit *118 or payment of $1200 should have been placed on the judgment on which he was liable, because it was bearing ten per cent, interest; whereas the other was drawing eight per cent. The debtor, in making payment, has a right to direct its application, but no direction was given. Williams asked Morton on which judgment the payment should be credited, but he would give no direction. Morton was examined as a witness, and stated that Williams expressed a desire to place the credit on the judgment bearing ten per cent. It would seem that several conversations were held on this subject. If there was no proof on the subjdct, equity would place the credit where it would be most beneficial to the defendant, on the presumption that it was so desired by him. The facts developed in this case, tend to show that Morton did direct that the credit should be placed on the judgment drawing eight per cent. They certainly amount to a waiver of his right to give direction.
It is also objected against the validity of the bond, that no actual levy was made before it was taken. Morton says, the officer came into his store with the execution, and he supposes both parties considered that a levy was made on his stock of .goods. The proof on this subject is entirely too vague to constitute the foundation of a decree, even if it be a proper subject of equity jurisdiction.*
In the last place, the complainant claims the right to restrain the sale of the two lots mentioned. The lots were purchased by Morton, from the complainant, after the rendition of the judgments. He gave no other security for the purchase-money, but his note, a greater part of which still remains unpaid. To avoid the necessity of resorting to a court of chancery, to enforce the vendor’s lien, Morton gave a deed of trust on the lots, for the benefit of complainant. This was in 1842; the lots *119 having been originally sold in 1838. It is claimed, that these lots should be exempted from sale, because Armour, Lake", and Morton have an abundance of property to satisfy the executions, without the lots. The plaintiff had a vendor’s lien on the lots, and also a deed of trust. A subsequent purchaser has a right in equity to require an execution creditor to exhaust the unsold property of his debtor, before he resorts to that which has been sold. Clowes v. Dickenson, 5 Johnson’s Ch. Rep. 235.
To this position, it is answered, that the judgment is a lien on complainant’s property, as well as on Morton’s. His being a surety in the bond, cannot change the rule, because, as such, he has a right to require the plaintiff in execution to make the money out of the principal. H. & H. Dig. 641. Besides, he had not such an interest in these lots as was subject to a levy. And having the right to compel the plaintiff in execution to go against the principal first, he may also protect property on which he has a lien.
It appears, from a motion made in this case, that after the decree in the court below, but prior to the appeal, the lots were sold under execution. If so, the complainant’s remedy is at an end ; for, although the sale might have been prevented, it does not follow that it will be set aside. The property was liable, and, as the complainant did not take the proper steps to prevent the sale, by prosecuting his appeal, he must abide by the consequences. Nor can the court award indemnity, as was done in Clowes v. Dickenson. There the purchaser, under junior judgments, was seeking to enforce an older one against an intermediate purchaser, when in equity the property he had purchased was first liable. The complainant is entitled to his costs, and the decree is therefore reversed; but the motion to set aside the sale must be dismissed.

 See the case of Laughlin v. Ferguson, 6 Dana’s Rep. 112, where the power of a court of chancery, to relieve surety on a forthcoming bond, when there had been no levy, or an illegal one, is considered) and it is held, that, in such case, equity has no jurisdiction; the defence being complete at law, in a motion to quash the bond. See also on the same point, Hagan v. Tobin, 5 Dana, 264 ; Saddler v. Glover, 5 Dana, 551; Lusk v. Ramsay, 3 Munf. 417.