WILLIAM ALLEY *v.* JAMES CARLETON.

A right of way is either in gross or appendant. The first is attached to and vests the right in the person to whom it is granted. The second is incident to an estate, one terminus of which is the land or tenement of the party claiming it. It inheres in the land, concerns the premises, and pertains to its enjoyment, and passes with it.

But a way in gross, being attached to the person, cannot be assigned or granted over to another.

And, since this is the case, it must be claimed by grant or from prescription by the claimant in his own person, and does not arise in this manner where it can be fairly construed to be appurtenant to another estate; while a right of way appendant may be derived from express grant, from necessity, by implication, from a grant in which it is not expressed, and by prescription.

A way from necessity is impliedly reserved to the vendor when he sells land surrounding other land of which he is the owner, and to which he can only have access through the granted premises.

A way of necessity, however, must be more than one of convenience, for if the owner of the land can use another way, he cannot claim by implication to pass over that of another to get his own.

As this right is implied by the law solely to secure the party in whom it is vested in the enjoyment of his property, of which he would be otherwise deprived, if the necessity for its use ceases, the right also ceases.

It is a fallacy to suppose that a right of way of necessity is a permanent right, and the way a permanent way, attached to the land, and which may be conveyed by deed, irrespective of the continuing necessity of the grantee.

It cannot be questioned that the conveyance of an estate to which such a right is appendant carries with it the right, and entirely divests the grantor of all interest in it.

But, although the plaintiff avers himself out of court, as to the right of way, yet as he claimed damages for obstructions while his right existed, it was error to dismiss his petition for damages.

APPEAL from Lavaca. The case was tried before Hon. FIELDING JONES, one of the district judges.

The most material facts averred by the plaintiff are given in the opinion of the chief justice. The pleadings on both sides are very voluminous. But as the petition was. dismissed on demurrer, upon the ground that by amendment the plaintiff averred that he had sold the land pending the litigation, and had reserved nothing to himself except a mortgage, to secure the purchase-money, and the obligation which arises on his general warranty of title, and had thereby stated himself out of court, so far as the right of way was concerned, the pleadings of the defendant need not be stated.

No brief for appellant has been furnished to the *Reporter*.

*John T. Harcourt*, for appellee.—As the appellant has not yet submitted a brief of the authorities relied upon to obtain a reversal of the case, I will only refer the court to such authorities as I have at hand, and which, it is believed, will sustain the ruling of the court below.

"A way of necessity is nothing else than a way by grant." (2 Black., 35.)

"When the owner of lands grants to another a pass-way over his grounds, such grant is confined to the grantee alone. He cannot assign over his right to any other." 2 Black., 35.)

"A right of way from necessity extends to a single way. It is always from strict necessity, and this necessity must not be created by the party claiming the right of way. It never exists when a man can get to his property through his own land, however inconvenient the way through his own land may be." (McDonal v. Tindall, 3 Pa., 492.

MOORE, C. J.—This suit was brought by appellant against

appellee to recover damages for an alleged obstruction to the use and enjoyment by appellant of a right of way, and to have said way established and defined by a decree of the court.

The land, or a part thereof, over which appellant claims said way, was sold by him to the appellee sometime previous to the commencement of his suit, but there was no express reservation of a right of way in the deed by which he conveyed said land, or any direct reference whatever thereto. Appellant, however, alleges that it was expressly stipulated and agreed by appellee, at the time of said sale, that he was at all times to have the right of way, as now claimed by him, through said land, and that he would not have sold it except upon this condition. He also alleges that the road which he asks may be re-opened and established had been used by him, as was well known to appellee, from the time of his settlement on the land adjoining that owned by appellee to the time of said sale and subsequently until it was obstructed and entirely shut up. It is also said by appellant that his plantation is surrounded on the north and east by the Colorado river, and in other directions by lands of appellee, and that there is no route which can be selected for a road leading from his plantation and residence which would not of necessity cross appellee's land. It is more than once alleged in the petition, and the several amendments made during the progress of the case, that the only proper and convenient road which can be had from appellant's land must cross appellee's. But, although the allegations in this particular are neither so clear nor specific as they should be, it may, as we have said, be inferred that appellant maintains, and intends to charge, that the only road by which he can get from his said plantation to a public highway must of necessity pass over the land sold by him to appellee.

During the pendency of the suit, as is admitted by an amended petition, appellant sold and surrendered to his

vendee the premises from which he claims said right of way. He avers, however, that said road is necessary to his vendee, and that he had given him a warranty title for the land. But it does not appear that he made any express warranty or conveyance of said right of way. He also alleges that he had a mortgage upon the land to secure the purchase-money, and was, therefore, still interested in it, and for these reasons entitled and bound to prosecute his suit.

Appellee filed a general demurrer, and excepted specifically to so much of the petition as set up a verbal understanding and agreement between the parties at the time of the purchase of the land by appellee. Also, that appellant, having sold the premises from which he claimed the right of way, had no longer a cause of action or right to prosecute the suit. The court, on these exceptions, gave judgment for the appellee, and the appellant prosecutes this appeal.

In considering the question presented for our determination, it will not be inappropriate for us to advert briefly to the elementary principles applicable to an easement of the character of that which is sought by appellant to be established. A right of way is either in gross or appendant. The first is attached to, and vests the right in, the person to whom it is granted; the second is incident to an estate, one terminus of which is the land or tenement of the party claiming it. It inheres in the land, concerns the premises, and pertains to its enjoyment, and passes with it.

But a way in gross, being attached to the person, cannot be assigned or granted over to another. And since this is the case, it must be claimed by grant or from presumption by the claimant in his own person, and does not arise in this manner when it can be fairly construed to be appurtenant to another estate; while a right of way appendant may be derived from express grant, from necessity, by implication, from a grant in which it is not expressed, and by prescription.

The way claimed by appellant was not referred to in the deed by which he conveyed the land sold by him to the appellee, and as, manifestly, no additional terms or stipulations can be engrafted upon it by parol evidence, it cannot be claimed, even with plausibility, as a right in gross or appendant by grant. And although it is alleged that appellant had been accustomed to use the way he now claims, both before and after his sale of the land to appellee, it is quite manifest this is not a case in which there is the slightest ground for a claim of way by prescription. It has not been shown to have been used for the necessary length of time to raise such a presumption, if the other circumstances of the case admitted of it. One of the essential components of such easements is, that there must be two tenements. It is a right upon a servient in favor of a dominant estate. Consequently, no such right can arise from the use made by the owner of his own tenement.

The allegations of the petition we think, however, may be fairly construed as showing appellant to have been entitled to and in the enjoyment of a right of way of necessity appendant to his land, over that of appellee, at and previous to the commencement of his suit, which had been obstructed and interfered with by appellee. Such a way is impliedly reserved to the vendor when he sells land surrounding other land, of which he is the owner, and to which he can only have access through the granted premises. (Collins v. Prentice, 15 Conn., 39; Peirce v. Selleck, 18 Conn., 328; Bingham v. Smith, 4 Gray, 297; Seymore v. Lewis, 13 N. J., 444.)

A way of necessity, however, must be more than one of convenience, for if the owner of the land can use another way, he cannot claim by implication to pass over that of another to get to his own. (Stevens v. Gregorie, 8 Rich., 158.)

As this right is implied by the law solely to secure the party in whom it is vested in the enjoyment of his prop-

erty, of which he would be otherwise deprived, if the necessity for its use cease, the right also ceases. (N. Y. Life Insurance Company v. Milnor, 1 Barb. Ch., 353.)

As is said in Peirce v. Selleck, 18 Conn., 328, "It is a fallacy to suppose that a right of way of necessity is a permanent right, and the way a permanent way, attached to the land, and which may be conveyed by deed, irrespective of the continuing necessity of the grantee." And certainly appellant could claim no such necessity in his favor to the way, after he had parted with the land to which it was appurtenant. It cannot be questioned that the conveyance of an estate, to which such a right is appendant, carries with it the right and entirely divests the grantor of all interest in it. (Kent v. Waite, 10 Peck, 138; Webster v. Stevens, 5 Dan., 553; Underwood v. Carney, 1 Cush., 285.)

It must, therefore, be held, that by the sale of the land to which the way was appendant, appellant parted with his interest in the way, and his right to have it established and defined. Whatever necessity existed after that time for a road across appellee's land was a necessity as to appellant's vendee. The right was to be then measured and determined by the fact and extent of his necessity, and not that previously of appellant.

It follows, if there had been no allegation of damages from appellee's wrongful obstruction of the road claimed by appellant, the exceptions might have been sustained upon appellee's paying the cost incurred previous to the sale of the land by appellant. But as a right of way of necessity was sufficiently denied, especially in the absence of any special exception to the petition in this particular, and damages were claimed by appellant from its wrongful obstruction previous to his sale of the premises, the judgment of the court, sustaining the exceptions to the entire petition, must be held to be erroneous.

The judgment is reversed, and the cause

REMANDED.