HERMAN KRUEGEL ET AL V. REINHARDT NITSCHMAN.

Decided March 10, 1897.

**1. Parol Evidence—Varying Deed—Easement—Passage Way.**

Oral testimony is not admissible to engraft upon a deed a parol agreement for an easement or passage way across other adjoining lands of the grantor therein.

**2. Easement—Right of Ingress and Egress—Passage Way.**

Where the owner of land sells a lot or tract of it not abutting on any public highway or street, his deed will be held to impliedly grant over the adjoining land owned by himself the easements, such as a passage way, necessary for the reasonable use of the land by the grantee.

**3. Same—Public Use Not Included.**

Proof of the necessity for a passage way for the use of the grantee did not authorize the court to decree its opening up "for public use and travel," as well as for the grantee's use.

APPEAL from Dallas. Tried below before Hon. W. J. W. SMITH.

*Bell & Atwell,* for appellants.

*Gano, Gano & Gano,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued Herman Kruegel and Mina Kruegel, his wife, alleging that in 1893 and 1894, appellee bought two certain city lots from appellants, that at the time of the purchases it was expressly understood that appellants were to give an outlet to the street, that said lots were inner lots bounded only on the east by the property of appellants, that a cemetery was on the north, that parties owning lands on the west and south had fenced their lands and appellants had fenced their land on the east, so that appellee had no way of egress or ingress to his home, which he had built on his said two lots. It was further pleaded, "that defendants had violated their agreement, and have failed to open a passage-way along the western side of said property, and have failed to contribute 25 feet for the purpose of opening said road; that defendants never intended nor did either of them ever intended to open said street; that the facts were misrepresented to plaintiff; that by reason of said failure on the part of said Kruegel and wife, said plaintiff herein has no way of ingress to and egress from said property; that he, said plaintiff is shut in on all sides; that on the north of said property is the cemetery, fenced and extending along the entire side; that the property on the west side of said lot and extending up to said western line is not owned by plaintiff, nor defendants, but as plaintiff believes by one Mittenthal, and one Isaac Dinkerspul, each of whom has fenced his property up to said western line; that the lot on the south of said lot purchased by plaintiff and extending along the entire south line is fenced in, and owned by the heirs of one, Mrs. Kathrina Hoehn; that along the eastern line of said lot, purchased by plaintiff, and adjoining the same, is a narrow strip of land extending from the

northeast corner of said lot along the eastern side and thence on to Park street; that said strip of land is owned by defendants herein, and was retained by them to afford an outlet from said lot; that plaintiff had not been prevented until recently, from passing out to said Park street, over this property of defendants; but that recently, said defendants have built a high fence along the western side of said strip to prevent plaintiff from passing out to the street in that direction and for the purpose of hemming and shutting in and harassing said plaintiff."

The prayer was for a passage way along the strip of land owned by appellant directly east of appellee's land, which strip was alleged to be nine feet in width to Park street. Appellants answered by general demurrer and general denial. The cause was tried by the court, without a jury, and judgment was rendered for a passage way fifteen feet wide along the west side of appellant's land, and it was decreed in addition to establishing an easement in appellee that the "passage way be and the same is hereby opened and established for public use and travel."

It was proved that appellee had bought the lots from appellants, as alleged; that they were inside lots; that the cemetery was on the north, and the west and south had been fenced up; that appellants owned the land on the east out to Park street, and that they had fenced up their land and had forbidden appellee to pass over their land, and appellee had no outlet from his lots on which he lived.

The passage way prayed for by appellee was not referred to in the deeds made to him by appellants, and all testimony tending to engraft a parol agreement upon the deed was inadmissible and did not tend to show an easement appendant to the land by grant. Neither the allegations nor proof show that appellee was accustomed to use the way granted him by the judgment, and therefore his right to a way by prescription cannot be maintained.

The allegations of the petition, however, clearly show that appellee was entitled to a right of way or outlet to the street by virtue of necessity. The enjoyment and use of his land was destroyed by the land being enclosed on all sides and an outlet to the streets denied him. The right of egress from and ingress to a parcel of land "inheres in the land, concerns the premises, and pertains to its enjoyment, and passes with it." Alley v. Carleton, 29 Texas, 74.

The right of way being a matter of necessity to appellee in the use and enjoyment of the lots he purchased from appellants, it will be held that they impliedly granted, over the adjoining property owned by them, the easements necessary for the reasonable use of the property by appellee. Sellers v. Railway, 81 Texas, 458; Thayer v. Payne, 2 Cush., 327.

It is contended that the court erred in granting a passage way of fifteen feet in width, because appellee did not pray for any but a passage way of nine feet. Appellee did not however pray for a passage way of any certain width, but the prayer was that appellants "be made to open up a passage way to Park street upon the strip of land 9 feet in

width above described, or in such other place as to the court may seem more fit and proper." The proof showed that appellants owned a strip of land twenty-five feet in width on the east of appellee's lots, and that it extended south by other lots to Park street, and the court out of that strip decreed, a passage way fifteen feet wide. The expression "nine feet in width" used in the prayer did not refer to the width of the passage way desired but to the supposed width of the strip of land, and it was not error in the court to grant the passage way of fifteen feet in width.

The easement being one of necessity to appellee, and growing out of the circumstances surrounding him, did not authorize the opening up of a passage way, as decreed, "for public use and travel." It is suggested by appellee that the expression simply meant that it was to be used by the public in going to and coming from appellee's house. The right of the public to do that followed from quieting the easement in appellee, but the language seems to have a wider scope and to attach a continuous public use to the outlet. Circumstances might arise by which appellee's easement would properly revert to the appellants and the decree should not fix any burdens upon it that would prevent the reversion.

The words, "that said above described passage way be and the same is hereby opened and established for public use and travel" will be stricken from the judgment of the District Court, and as thus corrected, the judgment will be affirmed.

*Reformed and affirmed.*

Writ of error refused.