### VIRALDO *v.* HOHENSCHULTZ.

### Opinion delivered May 5, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A finding of the jury upon conflicting evidence is conclusive.

2. EASEMENTS—GRANT OF RIGHT-OF-WAY—BREACH.—In the absence of restrictions in a grant of right-of-way there was nothing to prevent the grantor from plowing the right-of-way to keep down Johnson grass, or from erecting signs to prevent the public from trespassing.

3. EASEMENT—RIGHT TO ENJOYMENT—INSTRUCTION.—An instruction that the grantor of a right-of-way easement had no right to interfere with the grantee's "reasonable use" thereof was not open to general objection; being used by the court and understood by the jury to mean the free and full enjoyment of the easement.

4. TRIAL—REFUSAL OF ABSTRACT INSTRUCTIONS.—Requested instructions stating abstract propositions of law fully covered by instructions given which were applicable to the facts of the case were properly refused.

5.   TRIAL—INSTRUCTION TO DISREGARD ATTORNEY'S INNUENDOES.—
Instructing the jury to disregard innuendoes of defendant's attorney in cross-examination of plaintiff, and not to consider any hostility between the parties except as affecting their credibility *held* to cure any prejudice to plaintiff.

Appeal from Pulaski Circuit Court, Second·Division; *Richard M. Mann,* Judge; affirmed.

*Harry H. Myers,* for appellant.

*W. C. Adamson,* for appellee.

HUMPHREYS, J.   This is a suit for damages in the sum of $1,000 for the alleged obstruction to the use of the right-of-way sold and conveyed to appellant by appellee. The sole issue presented by the pleadings was whether or not appellee, after selling appellant a right-of-way ten feet wide along the south line of his (appellee's) land, leading to the Fourche Dam pike, continued to use said right-of-way for his private purposes, to the exclusion of appellant. This issue was submitted to a jury on conflicting evidence, and the finding of the jury on the question of fact is conclusive upon appellant. There was evidence tending to show that appellant had obstructed the right-of-way himself where it entered upon his own land, by building two wire fences on his land across the right-of-way. There was also evidence tending to show that Johnson grass grew in the right-of-way, and that appellee's purpose in plowing and harrowing the right-of-way was to keep the Johnson grass down, and not for the purpose of preventing appellant from using the right-of-way. There was also evidence tending to show that the signs placed in the right-of-way were warnings to the public not to use it, and were not intended as a warning to appellant. The signs were in the following words: "Private Road, No Trespassing." "No Trespassing, $25 Fine." Appellee also introduced evidence to the effect that he had not cultivated the right-of-way or otherwise obstructed it so as to prevent appellant from using it. The evidence recited above is substantial and sufficient to support the finding of the jury that appellee did not interfere with the free and unrestricted use of

the right-of-way by appellant. The acquisition of the easement by appellant authorized him to use the right-of-way in that manner. There were no restrictions in the grant. *First Baptist Society* v. *Weatherell*, 34 R. I. 155; *Lindeman* v. *Lindsey*, 69 Pa. St. 93; *Alley* v. *Carleton*, 29 Tex. 74.

Appellant contends, however, that, in instructing the jury, the court used language which restricted his free and full use of the easement, and thereby led the jury to believe he was not entitled to the full enjoyment thereof. The language used by the court to which objection is made was that appellee had no right to interfere with the reasonable use of the right-of-way by appellant. We think "reasonable use" was used by the court in the sense of "free and full enjoyment," and that the jury so understood. If appellant thought otherwise, he should have specially called the court's attention to the fact that the language was misleading, and suggested the substitution of other words. He only made a general objection to the instruction.

Appellant also contends that the court erred in refusing to give instructions Nos. 1 and 2 requested by him. The first instruction defined an easement, and the second explained the character of obstructions which would entitle the grantee to lay in a claim for damages. Both instructions were abstract propositions of law. The court announced the doctrines they contained, and applied them to the facts in the case, in the oral instruction which he gave. Having been fully covered by the oral instruction, it was unnecessary to give them again.

Appellant makes the further contention that the judgment should be reversed, and the cause remanded for a new trial, because the attorney for appellee persistently attempted, in the cross-examination of appellant, to inject innuendoes calculated to prejudice the jury against him. The greater number of questions which has such a tendency were propounded in the presence of the jury, and the court emphatically told them to give no heed to them. In addition, the court instructed the jury

to give no consideration to the attempted innuendoes. The instruction given is as follows: ''You are instructed that any other suit these people have had besides this one will not have anything to do with this lawsuit. The jury are instructed that you are not to consider any malice or hostility between these two gentlemen in this lawsuit, other than going to the credibility of the witnesses.''

We think any prejudice which might have resulted from the questions asked was prevented by the prompt and emphatic manner in which the court excluded them, and by the instruction he gave regarding them.

No error appearing, the judgment is affirmed.