## DUNHAM v. JOYCE, *Appellant.*

### Division One, May 28, 1895.

1. **Practice**: INSTRUCTIONS: DEMURRER. The court should not give instructions based on allegations of the petition when no legal proof has been offered to sustain them. In such case, the court should direct the finding of the jury by mandatory instruction.

2. **Easement**: DAMAGES: DRAINAGE. In an action for damages caused by defendant by damming a ditch running across his land and used by plaintiff to drain his land, it must be shown, in order to recover, that an easement had been created either by direct deed of grant in favor of plaintiff or his grantor, or some servitude imposed by grant on the lands of defendant and in favor of plaintiff, or that plaintiff or his grantors had obtained a prescriptive right to the use of the ditch by long enjoyment of the easement claimed, under circumstances which raise an implication of title originally acquired by grant.

3. **License**: RIGHT TO ENTER UPON LAND OF ANOTHER: DRAINAGE: REVOCATION. A parol agreement giving the right to enter upon defendant's land to construct and maintain a ditch for the drainage of water from plaintiff's land is a mere license, revocable by defendant, and the damming of the ditch by the latter would constitute a revocation.

4. ———: ———: REVOCATION: EASEMENT. The long exercise of a mere right or privilege of the use by one person in, over or across the land of another will not create an easement therein, or burden the estate used in favor of the claimant, owner or estate benefited by the use. Such use may amount to a mere license that may be revoked at the pleasure of the licensor, regardless of the length of time the privilege had been enjoyed.

5. **Easement**: USER: LIMITATIONS. An easement in the estate of another can only be created by actual user, when such use has been open, adverse, exclusive, and uninterrupted for ten consecutive years.

*Appeal from Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*D. J. Heaston* for appellant.

(1)   An easement can only be acquired by deed or grant, and there was neither in this case. *Fuhr v. Dean*, 26 Mo. 116; *Desloge v. Pearce*, 38 Mo. 588; *Allen v. Mansfield*, 82 Mo. 688; Bishop on Contracts [2 Ed.], sec. 1298; *Pitzman v. Boyce*, 111 Mo. 387; Washburn, Easements [2 Ed.], 6 and 23; *Cocker v. Cowper*, 1 Crompt. M. & R. 418; Tiedeman on Real Property, sec. 600.   (2)   If defendant had any interest or right in the ditch it was merely permissive, or a license, and as such the licensor might revoke it at any time. *Pitzman v. Boyce*, 111 Mo. 387; *Nelson v. Nelson*, 41 Mo. App. 130; *White v. Sheldon*, 28 N. Y. 475; 5 Gen. Dig., p. 656, sec. 29; *Min. Mill Co. v. Railway*, 53 N. W. Rep. 639; *Railroad v. Stock Yards*, 120 Mo. 541; 6 Am. & Eng. Encyclopedia of Law, 141; *Vossen v. Dautel*, 116 Mo. 379; *Snyder v. Warford*, 11 Mo. 513; Tiedeman, Real Property, secs. 651–654; 1 Washburn, Real Property [5 Ed.], 665; *Johnson v. Knapp*, 23 N. E. Rep. 40; *Taylor v. Millard*, 23 N. E. Rep. 376; *Railway v. Kennedy*, 31 N. E. Rep. 943; *Railway v. Michener*, 20 N. E. Rep. 255.   (3)   The fourth instruction given for the plaintiff to the effect that defendant was liable for damages if he dams back surface water, was erroneous, because there was no such issue raised by the petition, and it can not be raised by instructions. *Ely v. Railroad*, 77 Mo. 36; *Nall v. Railroad*, 99 Mo. 75. Also because such is not the law. *Imler v. Springfield*, 55 Mo. 119; *Jones v. Railroad*, 84 Mo. 151; *Moss v. Railroad*, 85 Mo. 86; *Collier v. Railroad*, 48 Mo. App. 398; *Morrissey v. Railroad*, 56 N. W. Rep. 946; *Champion v. Crandon*, 54 N. W. Rep. 775; Washburn on Easements [2 Ed.], 270, *et seq.*; also p. 431, [1 Ed.], 355, citing *Bangor v. Lansil*, 51 Maine, 525; *Bentz v. Armstrong*,

8 Watts & S. 40. (4) Plaintiff's first instruction tells the jury to give him full damages for all injuries he has sustained, regardless of whether he took any means to avert, or relieve himself from, such damages; the sixth instruction presents to the jury a different method to ascertain his damages; and the fifth instruction directs the jury that they are not to consider any means by which plaintiff could avoid any part of such damages; all of which was erroneous. 3 Sutherland, Damages [1 Ed.], 382; *Wisdom v. Newberry*, 30 Mo. App. 241; *Waters v. Brown*, 44 Mo. 302, 436; *Bridge Co. v. Schaubacher*, 57 Mo. 587.

*Sallee & Goodman* for respondent.

Appellant's contention that an easement can only be acquired by deed or grant is not sustained by the cases of *Fuhr v. Dean*, 26 Mo. 116, and *Desloge v. Pearce*, 38 Mo. 588, which were both mining cases, determined on their facts and in no way militate against the position assumed by respondent. In fact they assert the doctrine that a license coupled with an interest is not revocable at the pleasure of the licensor. The right to use the ditch may have been acquired by contract, by use, and by necessity. *Johnson v. Jordan*, 37 Am. Dec. 85; *Townsend v. McDonald*, 64 Am. Dec. 608, and note; *Cabrey v. Willis*, 83 Am. Dec. 688; *Sanderlin v. Baxter*, 44 Am. Rep. 165; *House v. Montgomery*, 19 Mo. App. 170; *Baker v. Railroad*, 57 Mo. 265; *Ricard v. Williams*, 7 Wheat. 59. A mere license is not revocable where the licensee has expended money or labor on the faith of the license. *House v. Montgomery, supra; Baker v. Railroad, supra; Fuhr v. Dean, supra; Desloge v. Pearce, supra; Nelson v. Nelson*, 41 Mo. App. 165; *Gikon v. St. Louis*, 33 Mo. App. 135. Where a party has enjoyed an easement for such

length of time as to confer title to land from the true owner to a disseizor, this adverse enjoyment will, in law, establish the right to the easement as against the owner of the servient estate. *Pitzman v. Boyce*, 111 Mo. 387. Appellant can not complain of instruction number 4 given for plaintiff, since he adopts the same theory in instruction 6 given at his request. *Reilly v. Railroad*, 94 Mo. 600; *Thorpe v. Railroad*, 89 Mo. 650; *Holmes v. Braidwood*, 82 Mo. 610; *Davis v. Brown*, 67 Mo. 313; *Blondeau v. Sheridan*, 81 Mo. 545; *Cole v. Railroad*, 47 Mo. App. 624. As appellant purchased with knowledge of respondent's rights, he took subject to them. *Poage v. Railroad*, 24 Mo. App. 199; 2 Pomeroy's Eq. Jur. 600, and notes. Plaintiff's instruction on the measure of damages was proper and is fully sustained by the authorities. 3 Sutherland on Dam., secs. 372–375, and notes. Where the damage is of a permanent character and affects the value of the real estate, a recovery may be had at law of the entire damages in one action. *Smith v. Railroad*, 23 W. Va. 453. Wherever the nuisance is of such character that its continuance is necessarily an injury and where it is of a permanent character that will continue without change from any cause but human labor, there the damage is an original damage and may be at once fully compensated, since the injured person has no means to compel the individual doing the wrong to apply the labor necessary to remove the cause of injury, and can only cause it to be done, if at all, by the expenditure of his own means. *Troy v. Railroad*, 23 N. H. 101. Where permanent structures are erected which result in injury to the realty adjacent, such as dams, dikes, roads, railways and bridges, a new principle is applied. In these cases all damages may be recovered in a single suit. 5 Am. & Eng. Encyclopedia of Law, 20.

ROBINSON, J.—Plaintiff began this action in the circuit court of Harrison county, claiming damages of defendant for obstructing and damming up the head of a drain ditch on defendant's own land, in which plaintiff claimed an easement. The petition charged, in substance, that, in the year 1878, one Thomas B. Allen and William Allen (the then owners of the land now owned by plaintiff and defendant), together with others owning land in the neighborhood, for the purpose of reclaiming and draining the wet and marshy parts of their lands, in consideration of the mutual benefits to be derived therefrom, made and entered into a contract between themselves for the digging, constructing and perpetual maintenance of a ditch or drain suitable for that purpose, and that, under said contract and agreement, the parties thereto, at great labor and cost, dug an open ditch in said section on and across the land now owned by defendant, in such a manner and of such capacity as to drain and furnish an outlet for all the surface water that might from time to time collect on the lands along the line of the ditch as well as the land of Thomas B. Allen, now owned by plaintiff, thereby making same suitable for farming purposes; that the ditch has since been kept, maintained and repaired by plaintiff and his grantor with the knowledge and consent of defendant and his grantors; that plaintiff, with knowledge of the original contract and all that had been done thereunder, and believing that the ditch would in the future remain and be maintained where it was first located in the year 1878, purchased and became the owner of forty acres immediately west of, and adjoining, the forty acres on which the ditch in controversy was dug, and now owns the same; that defendant purchased the forty acres east, on which the ditch obstructed is located, in the year 1883,

with full information and knowledge of the location of the ditch thereon, the contract under which it was located and worked, and the objects and purposes of its construction, and that plaintiff's grantors claimed the right to use the ditch and go upon his land to repair and maintain same; that, after plaintiff had become the owner of the west forty acres, he had, with the knowledge, consent and encouragement of defendant expended large sums of money and labor in repairing said ditch for the purpose of properly draining the land belonging to both plaintiff and defendant; that by reason of the formation and declivity of said lands the surface water can not be discharged from said lands in any way other than across the land of defendant, through and by means of the ditch made thereon as aforesaid; and that defendant, on the first day of March, 1891, unlawfully and maliciously destroyed said drain and built a dam over and across said ditch at the head thereof, near to and adjoining the lands of plaintiff, and thereby has prevented the surface water that gathers on his forty acres from escaping, and causing same to gather in large quantities and ruin his crops, to his damage in the sum of $600.

The case was tried by a jury under instructions from the court resulting in a verdict for plaintiff, on which, in due time, a judgment was rendered.

Defendant, at the close of plaintiff's testimony, offered an instruction in the nature of a demurrer to the evidence, which was by the court refused, and after offering testimony in his own behalf, and at the close thereof, again renewed his demand for a peremptory instruction directing the jury to return a verdict for defendant, which was by the court denied, and to which action of the court in refusing said instruction defendant again duly excepted. The court then gave

numerous instructions for both plaintiff and defendant.

The correctness or incorrectness of the legal propositions therein contained we will not in detail discuss, as we deem it unnecessary to the disposition of this case. It is not the province of the court to give instructions based on the allegations of the petition when no legal proof has been offered to sustain them, or where there is a complete lack of proof of one of the controlling substantial averments thereof. Under these conditions, the jury have no judgment to exercise. The court by mandatory instructions directs their finding. Where there is any substantial evidence, and whether direct or inferential, the jury have the determination of the case, it is true; but the court must first determine there is some evidence, if true, to support a finding for plaintiff, or there is no submission to the jury.

It was necessary to show that an easement had been created, either by direct deed of grant in favor of plaintiff, or his grantor, or some servitude imposed by grant on the land of defendant and in favor of plaintiff (and that can be done only by the production of an existing deed), or that plaintiff or his grantors had obtained a prescriptive right to the use of the ditch by long enjoyment of the easement claimed, under circumstances which raise an implication of title originally acquired by grant. Yet, from an examination of the abstract of testimony furnished in this case, the proof shows that no agreement for a right of use of the ditch or drain across the land of the defendant was ever made.

The witness William H. Allen, who owned the land at the time the ditch was made, testifying for plaintiff, says only this, in support of the allegations of plaintiff's petition as to "the great expenditures of money and labor by plaintiff's grantors in the construc-

tion of the drain ditch under contract with defendant's grantor," then owning the forty on which the ditch was located, to wit: "My father did some work on the ditch. He sold his forty to plaintiff." Nothing said about how much work, or under what arrangement it was done. Nothing to indicate whether the work done on defendant's land by plaintiff's grantor in constructing the ditch, was performed for hire or as a gratuity, or for an interest in the ditch, or whether the work was done under a mere parol agreement for a right to flow water through the ditch that might gather on plaintiff's lands, or whether under a written agreement for the ditch itself.

If the contract declared on in plaintiff's petition (which fails to state whether parol or written) was ascertained at the trial to be a parol agreement authorizing plaintiff's grantors to enter upon defendant's premises for the purpose of constructing and maintaining a ditch to flow water from plaintiff's land through defendant's premises to a neighboring stream, then it would have been the duty of the court to have taken the case from the jury, although the contract, and the work and labor expended by plaintiff under same have been undisputed. In such a case nothing more than a mere license has been shown and it was revocable, and was revoked by the denial to plaintiff of its further employment, by the act of defendant in placing the dam or obstruction at its head, and the court should have directed a finding against plaintiff on that showing.

And if a written agreement had been produced, showing the respective rights of the parties, the court would have still been required to give construction to the instrument, and if no valid grant of the ditch or a water course to plaintiff was manifest upon its face, but a mere written permission or license given to use same, to declare such to the jury.

When no legal proof is offered, the jury are called to the exercise of no judgment; and when, in cases of this character, the proof to sustain the allegation of a petition (the petition failing to state whether the contract declared on was parol or written) shows only a parol contract, then there is nothing for the jury to consider, as no legal proof of the existence of an easement has been made, and consequently no damage by way of a denial of the use thereof could occur.

In this case there was no written contract between the parties shown. There was no independent assertion of right to the ditch by plaintiff or his grantors, open, adverse or hostile to the right of defendant or his grantors, in and to the ditch, on which a prescription of a presupposed former grant could be raised in favor of plaintiff or his grantor, by ten years' adverse user, and for which reasons defendant's peremptory instruction should have been given.

While the law regards the long enjoyment of an easement by one person in the lands of another as evidence that a deed once existed for the exercise of the right, and gives it the same effect as if existing, it is not true that the long exercise of a mere right or privilege of the use by one person in, over or across the lands of another, will create an easement therein, or burden the estate used in favor of the claimant, owner, or estate benefited by the use. The use, exercise or enjoyment of the right under the last named circumstances, may amount to nothing more than a mere license, to be revoked at the pleasure of the licensor, regardless of the length of time the privilege had been enjoyed. The limitation, or prescriptive period, furnishes to the beneficiary no right or authority for continual enjoyment.

In this case there was nothing to show that plaintiff had ever done anything to the ditch, except to enjoy the

benefit of letting the surplus water from his field run off through it on defendant's land. That no easement was created by actual user and enjoyment is very clear from the testimony. Such a right in the estate of another can be created by actual use only when such use has been open, adverse, exclusive and uninterrupted for ten consecutive years. Not a word indicating or intimating an exclusive or adverse user by plaintiff. A right of flow of waters, or an easement in the estate of another for that purpose can never be created by a mere parol agreement between the owners of the adjoining estates, however formal it may have been made. *Dyer v. Sanford,* 9 Metc. (Mass.) 395; *Pue v. Pue,* 1 Md. Ch. Dec. 386. It is only by the proof of such agreement looking to a grant, and the use of the right contracted for by the agreement, for the prescriptive or limitation period of ten years, that the grant is presumed.

When no legal proof is offered, as in this case, the jury are not called to exercise its judgment. No grant shown in favor of plaintiff, no agreement looking to a grant and a use of the right contracted for under the agreement for the limitation period that presumed a grant, no uninterrupted, adverse use of the easement, for ten years, with the knowledge of the owners of the land to which the easement was to attach to make it conclusive against the servient estate, no easement being shown in favor of plaintiff or his estate, no damage could result to him by the obstruction of the ditch on defendant's land; hence nothing for the consideration of the jury.

Appellant also complains that the trial court committed error in giving instruction number 4 asked by plaintiff, which was as follows:

"4. The court instructs the jury that, while surface water, that is, water caused from rain and melting

snow, is a public enemy which any proprietor of land has the right to fight against, yet, where such surface water has a natural tendency by reason of the conformation of the surface of the ground to flow across the lands of one proprietor, such person has no right to so obstruct its natural flow as to injure an adjoining proprietor.''

As this case is to be reversed and remanded for the reason above given, we deem it unnecessary to discuss the merits or demerits of instruction number 4, further than to say that no such issue is raised by the pleadings and evidence, and none should be presented by the instruction. Judgment reversed and cause remanded. BRACE, C. J., MACFARLANE and BARCLAY, JJ., concur. in result.