B. A. SHEPARD v. THE GALVESTON, HOUSTON & HENDERSON
RAILWAY COMPANY.

No. 91.

1. **Easement Acquired by Limitation.**—In 1859 the railway company constructed its road over the lots sued for. The line has not been changed since, and daily trains have been running over it since February, 1860, except when the bridge was out. In 1868, Allen, Poole & Co. went on the lots and found the road there, and acquiesced in it, and verbally promised to give the company the right of way. *Held*, the company had acquired title by limitation, this suit to recover the lots having been brought in 1882.

2. **Adverse Possession of an Easement.** — The entry upon the land was a trespass, and its use and occupation from its exclusive nature was plainly adverse to the owner. Allen, Poole & Co. found the road on the land, and verbally promised to give the right of way to the company. We do not think that the exercise of acts upon the land of another that would amount to an easement if done under authority of a deed or grant, should necessarily be held to be exercised by the mere license of the owner when the authority is conferred only by parol. The possession and occupation under the verbal gift was such adverse possession and use thereof as would put in operation the statute of limitations.

3. **Parol Gift and Valuable Improvements.** — It was shown that Allen, Poole & Co. gave the right of way to the defendant, and that at their request, and we may infer from the evidence for their benefit, the defendant put in side tracks upon the land. The company has been in possession more than ten years, and have acquired the right of way by possession and improvement under the donation.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*Hume & Kleberg,* for appellant.—1. The claim of defendant is, that plaintiff's action should fail, because defendant had acquired an easement of a right of way over the land—that is, an estate in the land—by parol permission, acquiescence, and gift of the then owners of the land. Such an easement lies in grant, and can not pass by parol. Rev. Stats., art. 548; Railway v. Durrett, 57 Texas, 51; Washb. on Ease. and Serv., 23; Railway v. Donahoo, 59 Texas, 131; Washb. on Ease., 4, 6; 2 Washb. on Real Prop., sec. 8; 2 Willson's C. C., sec. 95; 1 Wood's Ry. Law, sec. 211; Pierce on Rys., 131; Tied. on Real Prop., secs. 599, 600, 651, 652, 653; 6 Am. and Eng. Encycl. of Law, 141; Stock Yards v. Ferry Co., 112 Ill., 384; Stevens v. Stevens, 52 Mass., 254; Cook v. Stearnes, 11 Mass., 533; Wolf v. Frost, 4 Sandf. Ch., 77; Mumford v. Whitney, 15 Wend., 386; Seidelsparger v. Spear, 17 Me., 128; Miller v. Railway, 6 Hill, 61; Hetfield v. Railway, 29 N. J. Law, 571.

2. The case is, that defendant, having no right, and claiming none, obtained the parol promise of Allen, Poole & Co. to give it the right of way, and this without consideration of any kind and without any change of defendant's position on the faith thereof. Not a single element of

estoppel is pleaded or proved. Tied. on Real Prop., sec. 725; Bynum v. Preston, 69 Texas, 291; Stock Yards v. Ferry Co., 112 Ill., 384; Jackson & Sharp Co. v. Railway, 4 Del. Ch., 180; Railway v. Jarrell, 60 Texas, 267.

3. It is too plain, that parol license to do an act upon the land of another which amounts to an easement therein, is void under the statute of frauds, and revocable at the will of the licensor or at the will of the subsequent owner of the land; and this without respect to expenses incurred or improvements made by the licensee. 1 Wood's Ry. Law, sec. 211; Washb. on Ease., 23; Pierce on Rys., 131; 6 Am. and Eng. Encycl. of Law, 141; Tied. on Real Prop., secs. 599, 600, 652, 653; Stock Yards v. Ferry Co., 112 Ill., 384; Risien v. Brown, 73 Texas, 135.

4. Statutory bars available to claimant of easement in the land are the same that apply in trespass to try title to land. Railway v. Poindexter, 70 Texas, 98; Benavides v. Hunt, 79 Texas, 389; Tied. on Real Prop., sec. 599.

5. Limitations are not available to one claiming under permission or license. Tied. on Real Prop., sec. 700; 1 Am. and Eng. Encycl. of Law, 251; 13 Id., 542, 547; Luce v. Carley, 24 Wend., 451; Ingraham v. Hough, 1 Jones' Law (N. C.), 39; Sargent v. Ballard, 9 Pick., 253.

6. Distinction between easement and license: Tied. on Real Prop., secs. 599, 600, 651–654; Washb. on Ease. and Serv., 23; Pierce's Rys., 131; 1 Wood's Ry. Law, sec. 211.

7. Effect upon defense of limitations of effort since suit to acquire of plaintiff the right of way: Bracken v. Jones, 63 Texas, 188; Church v. Burghardt, 8 Pick., 327; Luce v. Carley, 24 Wend., 453; Railway v. Wilson, 83 Texas, 153.

8. An easement may be acquired by prescription which raises the presumption of a grant; but this presumption may be rebutted by showing that there was in fact no grant. Klein v. Gehrung, 25 Texas Supp., 241; Tied. on Real Prop., sec. 599; Bracken v. Jones, 63 Texas, 188; Church v. Burghardt, 8 Pick., 327; Luce v. Carley, 24 Wend., 453; Railway v. Wilson, 83 Texas, 153.

*Thomas J. Ballinger* and *Charles Frenkell*, for appellee.—1. Peaceable, continuous, and uninterrupted possession of a right of way over land for four, ten, and twenty years, respectively, by a railway company, acquiesced in and parol permission given by the owner in fee, constitute sufficient grounds for a prescriptive right to an easement in the nature of a right of way.

2. Such an easement lies in grant, express or implied. User for ten and twenty years presupposes or implies a grant. Parol permission, acquiescence, and gift of the right of way by the owner of the land, when accepted and acted upon, can not be revoked as in the case of a mere license. Rev. Stats., art. 3194; Sayles' Civ. Stats., art. 2464, note 26;

Haas v. Choussard, 17 Texas, 588; Baker v. Brown, 55 Texas, 381; Harrison v. Boring, 44 Texas, 267; Railway v. Jarrell, 60 Texas, 267; Risien v. Brown, 73 Texas, 135; 1 Cool. Black., 342, note; Tied. on Real. Prop., sec. 599; Godd. on Ease., 111; Washb. on Ease. and Serv., 111, 114, 138, 140, 141, 137, 135; Ashley v. Ashley, 4 Gray, 197; Garrett v. Jackson, 20 Pa. St., 331; Pierce v. Cloud, 44 Pa. St., 102; Provolt v. Railway, 57 Mo., 256; Hargis v. Railway, 100 Mo., 210; Arbuckle v. Ward, 29 Vt., 43, 52.

In Messick v. Railway (Indiana), 27 Northeastern Reporter, 219, it was held, that a license given by a land owner permitting a railway company to enter upon his land and construct its roadbed is revocable only as it is executory, and after the company has spent large sums of money under such license the power to revoke is lost; citing 71 Ind., 265; 27 Ind., 534; 19 Ind., 10; 14 Ind., 367; 113 Ind., 223; 113 Ind., 233. See, also, Risien v. Brown, 73 Texas, 135.

Putting all authorities aside, however, the statement that the parol gift of a right of way is void under the statute of frauds is absolutely untenable. Anderson v. Powers, 59 Texas, 213; James v. Fulcrod, 5 Texas, 516; Evans v. Hardeman, 15 Texas, 480; Stuart v. Baker, 17 Texas, 417; Miller v. Roberts, 18 Texas, 16; Bullion v. Campbell, 27 Texas, 653; Smock v. Tandy, 28 Texas, 132; Gibbons v. Bell, 45 Texas, 418; Rev. Stats., art. 2464.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellant on October 28, 1882, in the District Court of Galveston County, in trespass to try title to recover of the appellee lots 507 and 508, section 1, on Galveston Island.

Defendant pleaded not guilty; and specially pleaded peaceable, open, adverse, notorious, and uninterrupted use and enjoyment of the easement of the right of way over said lots 100 feet in width for more than four, ten, and twenty years prior to the institution of this suit; also, that Allen, Poole & Co., while owners of the land sued for, and through whom plaintiff acquired title, acquiesced in and recognized the right of defendant to use its right of way across said lots, and encouraged defendant to continue so doing, and gave defendant permission to lay side tracks and switches upon said lots; that the accquiescence, recognition, and permission of said Allen, Poole & Co. gave to defendant the use of the right of way, and that plaintiff was concluded therefore from attempting to deprive the defendant of the same. Further, that the use of said right of way was well known to the plaintiff, and he had full notice thereof, and was thereby estopped.

Plaintiff replied to the answer by exceptions and pleas. The exceptions were overruled by the court.

November 23, 1891, trial was had without a jury, and the court ren-

dered judgment in favor of the plaintiff for the recovery of the lots sued for, subject, however, to the use, occupation, and enjoyment by defendant of the right of way thereon of one hundred feet in width, which was adjudged to the defendant.

The case comes up on exceptions to the admission of parol evidence to establish an easement of a right of way over the land—that is, an estate in the land—by parol permission, acquiescence, and gift of the then owners of the land; also, that the possession, use, and occupation of said right of way were not hostile or adverse to the right of the owners of the lots, and did not support the pleas of limitation.

1. In 1860 the title to the lot 507 was shown by the deeds introduced in evidence to be in Thomas E. Moore, who conveyed the same, March 15, 1861, to Richard Stoners, who conveyed to V. B. Poole, February 1, 1870. At that time the title to the lot 508 was in James H. Perkins, who, on December 10, 1868, conveyed it to John F. Megale, who, on May 21, 1869, conveyed the same to V. B. Poole, who conveyed to the firm of Allen, Poole & Co., February 17, 1870.

2. On September 10, 1874, the firm of Allen, Poole & Co. made an assignment to certain assignees for the benefit of their creditors. Their assignees conveyed the lots, April 30, 1881, to one W. H. Palmer, who, on October 22, 1881, conveyed the same to the plaintiff. There is no mention in any of these deeds of the use of the lots by the railway company.

3. Defendant's railway was constructed over the lots in controversy in the fall of the year 1859. The line has not been changed since; and the road has been in operation by the running of trains over it continuously ever since February, 1860. Trains have been run over the road daily except when the bridge was out. It was not shown by what right the railway company entered upon the land.

4. Allen, Poole & Co. went upon the lots about 1868, and found the railway there. They made no objection to the road being there; they acquiesced in it, and verbally promised to give the company the right of way, and begged it to put in side tracks, which the company did. The witness Poole stated also, that his firm gave the company the right of way, and would have given it a formal deed if they had been requested to do so. More than ten years elapsed from said verbal gift of the right of way until the filing of this suit.

1. The use and possession of the lot in controversy by the defendant as a right of way amounts to an easement therein, which is an estate or interest in the land, which could only be created by deed or grant. Rev. Stats., art. 2464; Railway v. Durrett, 57 Texas, 50; Railway v. Donahoo, 59 Texas, 131. Hence the evidence of Poole, tending to show a verbal gift of the right of way to the defendant, would not be admissible for

that purpose alone; but it was admissible for the purpose of showing the character of the defendant's possession, and as coupled with other evidence, to show the acquisition of the right to the easement by limitation or by the laying of side tracks upon the land.   The evidence does not show that the defendant entered upon the lots and used the same under a mere parol license from the owner.   The defendant entered upon the lots and constructed its roadbed thereon in the fall of 1859, and occupied a portion thereof with its track continuously after that time.   It also ran trains over the road daily from February, 1860, until the time of the trial, with the exception of the time, as stated by the witness Hoxie, when the bridge was out.   How long this may have been was not shown; but it was shown that the line of the track remained unchanged during the whole time.

The entry was a trespass, and the use and occupation of the land, from its exclusive nature, was plainly adverse to the owner.   Poole's evidence showed that his firm found the railway upon the land in 1868, and that they made no objection to its occupation and use, but on the contrary acquiesced therein, and verbally gave a promise to give the company the right of way, and would have executed a formal deed thereto if it had been requested.   We do not think that the exercise of acts upon the land of another that would amount to an easement if done under authority of a deed or grant, should necessarily be held to be exercised by the mere license of the owner when the authority is conferred only by parol.   Possession and use of land under a parol sale or gift thereof is adverse to the seller or donor.   The evidence in this case precludes the idea that the railway company was occupying the land under a mere parol license from Allen, Poole & Co.

2.   An easement in land may be acquired by prescription which would presume a grant.   Tied. on Real Prop., sec. 599; Godd. on Law of Ease., 131, et seq.   Without regard to the rule, that the prescription in favor of a grant arising from the lapse of time might be rebutted by showing that there was in fact no grant, it seems that the law of limitations would run in this State in support of an easement.   In Baker v. Brown, 55 Texas, 381, the court applies the statute of ten years limitation to the right to divert water for irrigation.   So in Benavides v. Hunt, 79 Texas, 385, it is held that the ten years statute applies to an action by a lessee of the right to mine.   See, also, Railway v. Poindexter, 70 Texas, 98; and Railway v. Wilson, 83 Texas, 153.

Plaintiff's contention is, that there was not an adverse claim of the right of way by the defendant, nor for such period as would confer title under the statute of ten years limitation, and that whatever may have been the claim of the defendant before Allen, Poole & Co. became the owners of the land, the right of way was used then in recognition of their title and under a parol license from them.   But as we have already said,

the facts do not show that the defendant acted under a mere license. The possession and occupation by defendant under the verbal gift of the right of way, as testified to by Poole, was such adverse possession and use thereof as would put in operation the statute of limitations; and it was shown that there was such possession and use for more than ten years prior to the institution of this suit.

3. A parol gift of land will be sustained when possession has been taken and valuable improvements made on the faith of it. It was shown that Allen, Poole & Co. gave the right of way to the defendant, and that it put in side tracks; and we may easily infer from the evidence that the side tracks were put in for the benefit of Allen, Poole & Co., as well as of the company. In the case of Railway v. Jarrell, 60 Texas, 267, a verbal agreement to give the right of way to a railway was upheld.

There was no contention in that case that Jarrell was in any way obligated or bound in writing to give the right of way. It was held, that under all the facts disclosed as to the agreement in reference to the right of way, which was verbal, and as to the actual entry under the agreement, and the things transpiring between the parties after the entry, matters had reached a stage at which the agreement or license to enter could not be entirely repudiated by the appellee and the permission to enter revoked, and that Jarrell could not maintain an action of ejectment.

We are of the opinion that the defendant had acquired the right of way both by limitation and by possession and improvement under the donation thereof by Allen, Poole & Co.; and that there was therefore no error in the judgment of the court below.

The judgment will be affirmed.

*Affirmed.*

Delivered March 9, 1893.