BOWINGTON v. WILLIAMS et al.
(No. 329.)

(Court of Civil Appeals of Texas. El Paso. April 30, 1914.)

1. FRAUDS, STATUTE OF (§ 60*)—CREATION OF EASEMENT.

A perpetual easement in land liable to be divested only if the use of the dominent tenement be changed must be created by deed; a parol license being insufficient.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 94, 95; Dec. Dig. § 60.*]

2. EASEMENTS (§ 61*)—PLEADING—PROOF.

A party claiming an easement against the owner of the fee is bound to plead and prove it.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 102, 130–144, 148; Dec. Dig. § 61.*]

3. EASEMENTS (§§ 1, 18*) — ACQUISITION — MODE.

An easement over the land of another may be acquired when it is necessary for an outlet to the county road, or by verbal agreement in the nature of estoppel.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7, 50–55; Dec. Dig. §§ 1, 18.*]

4. EASEMENTS (§ 61*)—EASEMENTS OF NECESSITY—PERSONS ENTITLED TO CLAIM.

The way of necessity reserved to a vendor who sells land surrounding other land which he retains, and to which he can have access only through the granted premises, cannot be asserted by the vendor for the benefit of subsequent grantees to whom he sold the inaccessible tract.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 102, 130–144, 148; Dec. Dig. § 61.*]

5. FRAUDS, STATUTE OF (§ 139*) — PAROL GRANT OF EASEMENT—EFFECT.

Where a parol grant of a way has been acted upon by the expenditure of moneys which would be lost if the right of way be revoked, an easement arises by estoppel.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 334–341; Dec. Dig. § 139.*]

6. EASEMENTS (§ 35*)—ACTIONS—PLEADING—SUFFICIENCY.

A pleading that defendant acquired a way by parol agreement upon the conveyance to plaintiff of the land over which he asserted it is not good as a plea of an easement by estoppel, because alleging no fact showing the injustice of a revocation of the way.

[Ed. Note.—For other cases, see Easements, Dec. Dig. § 35.*]

7. EASEMENTS (§ 61*)—RESERVATION—EFFECT.

Where an owner of land verbally reserved a way over the land conveyed so as to have access to a parcel retained, the right is personal to him, and cannot inure to the benefit of subse-

quent grantees to whom he conveyed his remaining parcel.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 102, 130–144, 148; Dec. Dig. § 61.*]

Error to District Court, El Paso County; A. M. Walthall, Judge.

Trespass to try title by K. N. Bowington against H. H. Williams and W. H. Strahan, who cross-complained. There was a judgment for plaintiff against the first-named defendant, and for W. H. Strahan on his cross-complaint, and plaintiff brings error. Reversed and remanded.

U. S. Goen, of El Paso, for plaintiff in error. McBroom & Scott and Maury Kemp, all of El Paso, for defendants in error.

HARPER, C. J. This suit was instituted March 8, 1912, by plaintiff in error, K. N. Bowington, against H. H. Williams and W. H. Strahan, defendants in error, in trespass to try title and for damages; plaintiff alleging that his right to the use of the 14-foot roadway across the westerly part of lot 1, block C, San Elizario Grant, El Paso county, Tex., which had been conveyed by Williams to Strahan by deed, dated April 5, 1911, and by Strahan to plaintiff in error by deed, dated June 5, 1911, was being interfered with, and that he had been dispossessed of a portion thereof by defendant Williams. Plaintiff asked that his title to said strip of land be quieted, and also prayed for an injunction restraining defendant Williams from further interfering with his use and enjoyment of said roadway. Defendants Williams and Strahan, in their original answers, demurred generally, and specially denied the allegations of plaintiff's petition.

On August 19, 1912, defendant Strahan filed an amended answer, in which he admitted that he had bought of defendant Williams the 14-foot strip of land sued for, and had sold an undivided one-half interest therein to plaintiff in error, and by way of cross-action alleged that on June 5, 1911, he conveyed by warranty deed a 15-foot strip of land off the western side of lot 2, block C, San Elizario Grant, which strip connected with the southerly end of the roadway obtained from Williams; that, after the sale of said 15-foot strip to plaintiff, he had no outlet to the county road over the 14-foot roadway save by crossing over the northerly 30 feet of said 15-foot strip, and that it was necessary that he and his assigns have an easement over said strip of land that he might have an outlet from lot 2 of block C to the county road; that while he gave to plaintiff a warranty deed to said 15-foot strip, yet part of the consideration was a verbal agreement that he have an easement over the northerly 30 feet thereof; that since the filing of this suit, and prior to the filing of his cross-action, he had sold and assigned said lot 2 of block C, together with his inter-

est in said roadway, to Lamar Davis and Aris T. Celum, with an agreement to have their rights to an easement in said 30 feet adjudicated in this suit; he therefore asked for a judgment, declaring an easement to said northerly 30 feet of said strip to him and his assigns, and for an injunction restraining plaintiff in error from fencing up same, or interfering with his enjoyment thereof.

To defendant Strahan's amended answer and cross-action, plaintiff demurred generally, and specially excepted to that part of said cross-action asserting an easement in the northerly 30 feet of said 15-foot strip by virtue of verbal agreement between grantor and grantee on the ground that such an easement could not be created except by deed. The demurrers were overruled, and, said cause coming on for trial on November 19, 1912, before the court without a jury, a judgment was rendered in favor of plaintiff in error for title and possession of said 14-foot roadway, together with a permanent injunction restraining defendant Williams from further interfering with plaintiff's right or enjoyment in said roadway. Judgment was also rendered in favor of Strahan on his cross-action against plaintiff in error giving to said Strahan and his assigns an easement and permanent roadway over the northerly 30 feet of the 15-foot strip off the westerly side of lot 2, block C, San Elizario Grant, and plaintiff in error was permanently enjoined from fencing same, or interfering with the use thereof by defendant Strahan or his assigns.

Plaintiff in due time filed a motion for a new trial, which was, on December 27, 1912, in all things overruled, to which ruling plaintiff duly excepted. Thereafter, on October 31, 1913, plaintiff in error filed his petition and bond, citation was duly issued, and said cause is now before this honorable court for review.

[1] The appellant, in five assignments of error, raises by general and special exceptions that defendant cannot establish an easement upon land by parol. By his third assignment he charges that the court erred in admitting parol testimony as to the easement claimed, and by the fourth that, because there was no necessity in legal contemplation for an easement over premises sued for, therefore the court erred in his conclusion of law and fact, and in rendering judgment for an easement; and his fifth assignment, submitted as a proposition, reads as follows: "The court erred in rendering judgment for defendant Strahan giving him an easement in the property sued for, as it was shown by his first amended original answer and cross-action that he had parted with his interest in said land, and said right of use, if any, not being created by deed, and, if anything, nothing more than a license, was personal to himself, and could not pass to his assigns, and therefore he was not en- titled to the relief prayed for, and for which the court gave judgment; said error being specified in paragraph 1 of plaintiff's motion for a new trial."

A perpetual easement in land liable to be divested only if the estate should be used for other purposes than those contemplated by the parties can only be created by deed; a parol license being insufficient for the purpose. Texas W. Ry. Co. v. Wilson, 83 Tex. 154, 18 S. W. 325; T. & P. Ry. Co. v. Durrett, 57 Tex. 48. See 6 Michie's Dig. p. 782, for other authorities.

[2, 3] Where a party claims an easement as against the owner of the fee, it is incumbent upon him to plead and prove it. Texas W. Ry. Co. v. Wilson, 83 Tex. 154, 18 S. W. 325. There are several ways by which a person may acquire the right to an easement over the lands of another, and the appellee asserts the right (a) by necessity, i. e., that it was necessary for him to have a right of way over appellant's premises as an outlet to the county road; (b) by verbal agreement in the nature of an estoppel.

[4-6] The former applies when a vendor sells land to another to which the former can only have access through the granted premises. Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260; Howell v. Estes, 71 Tex. 690, 12 S. W. 62; Sellers v. Texas Cent. Ry. Co., 81 Tex. 458, 17 S. W. 32, 13 L. R. A. 657; Sassman v. Collins, 53 Tex. Civ. App. 71, 115 S. W. 337. And the latter arises when the owner of land by parol agreement gives a right of way over it which has been acted upon by expending moneys, etc., which would be lost if the right to enjoy the easement could be revoked. Harrison v. Boring, 44 Tex. 255. Since there is no pleading by appellee that he acquired the easement by an estoppel, except that he plead parol agreement, he falls far short of the burden placed upon him by the rule requiring him to plead his easement. Texas Western Ry. Co. v. Wilson, supra. And since the appellee cannot claim his easement under the rule of necessity (Alley v. Carleton, 29 Tex. 74, 94 Am. Dec. 260) by reason of the fact that he no longer owns it, the general demurrer should have been sustained.

[7] In view of another trial, it may be well to pass upon appellee's counter proposition that he is entitled to prove that the easement was a part of the consideration in the deed between the parties. If he were still the owner of the premises (sold to Davis and Celum), he would be entitled to it under proper showing; but it was personal to him, and could not inure to the benefit of his vendees. Besides, such considerations are confined to the parties to the instrument (Taylor v. Merrill, 64 Tex. 496), and such written contracts should speak for themselves (Sellers v. T. C. Ry. Co., 81 Tex. 458, 17 S. W. 32, 13 L. R. A. 657).

For the reason given, the cause is reversed and remanded for a new trial.