CALLAN et al. v. WALTERS et al.
(No. 5700.)

(Court of Civil Appeals of Texas.  Austin.
Dec. 13, 1916.)

**1. EASEMENTS ☞1—DEFINITION.**

An "easement" is the right which one person has to use the land of another for a specified purpose.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5-7; Dec. Dig. ☞1.

For other definitions, see Words and Phrases, First and Second Series, Easement.]

**2. EASEMENTS ☞12(2)—GRANT—WRITING.**

An easement may be created by a grant, in which case it must be done with the same formality as is necessary for the conveyance of a fee.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 35-38; Dec. Dig. ☞12(2).]

**3. EASEMENTS ☞17(1)—CREATION—IMPLIED GRANT.**

Where the owner of an improved lot with an entrance by a wooden stairway leading from the sidewalk on the east side of the building conveyed lots east of the building, by deed in the usual form making the east wall of the original building the west line of the lots sold, without reserving any right of way for a stairway on the lot sold, and, after the grantee had erected a two-story building with a stairway at its southwest corner affording entrance to the original building, conveyed such building and lot without reference to the stairway, the grantee took no right to its use.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 45; Dec. Dig. ☞17(1).]

**4. EASEMENTS ☞8(1)—PROPERTY SUBJECT—PARTIES.**

The use of a wooden stairway outside of a building did not create an easement in the owner's adjoining lot; for no man can have an easement on his own property.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 23, 27-33; Dec. Dig. ☞8(1).]

**5. FRAUDS, STATUTE OF ☞60(1)—INTEREST IN REALTY—EASEMENT.**

An oral agreement that the owner of lots should have an easement of way to his adjoining building in consideration of the use of its wall by the grantee, even if the use of the wall might be considered in payment of the purchase price, was within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 94; Dec. Dig. ☞60(1).]

**6. EASEMENTS ☞8(4)—BONA FIDE PURCHASER—POSSESSION—EASEMENT.**

The use of a way over the land of another when the owner is also using it is not such adverse possession as will serve as notice of a claim of right; as it is not inconsistent with a license from the owner.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 27-33; Dec. Dig. ☞8(4).]

**7. EASEMENTS ☞8(1)—WAY—NOTICE.**

Where the owner of a building with an outside stairway conveyed the adjoining lot to a bank of which he was the president and principal stockholder, there was nothing in the bank's use of the wall as a partition wall to cause inquiry as to what the consideration therefor was, so as to lead to the discovery that it was the right to use the stairway through the bank to the other building.

[Ed. Note.—For other cases, see Easements. Cent. Dig. §§ 23, 27-33; Dec. Dig. ☞8(1).]

**8. EASEMENTS ☞7(2)—PRESCRIPTION—TIME.**

To acquire an easement of way by prescription, the limitation must have continued for a period of ten years.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 17, 27, 33; Dec. Dig. ☞7(2).]

**9. ADVERSE POSSESSION ☞58, 85(3) — DEGREE OF PROOF—PRESUMPTION OF GRANT.**

As prescription is founded upon the supposition of a grant, the use or possession on which it is founded must be adverse or of a nature to indicate that it is claimed as a right, and not by permission or by any compact short of a grant, and evidence of such adverse possession must be clear and positive.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 279-281, 503, 688-690; Dec. Dig. ☞58, 85(3).]

**10. EASEMENTS ☞18(2)—WAY OF NECESSITY—CREATION.**

An easement of way by necessity arises where the owner of land sells a part thereof, and it is necessary to pass over the land sold in order to reach that which he has retained, and will not arise as a matter of convenience, but only in case of an absolute necessity without which the party claiming it would be totally deprived of the use of his land.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 51; Dec. Dig. ☞18(2).]

**11. EASEMENTS ☞18(3)—WAY OF NECESSITY.**

Where the owner of a building could have obtained access to the upper story by an inside stairway, which, though it might lessen, would not destroy the value of the frontage, and where the building would be benefited from closing an opening in the side wall which had formerly afforded entrance for an outside stairway, the use of a stairway in a building on the adjoining lot built to the wall was not necessary to the use of the upper story.

[Ed. Note.—For other cases, see Easements, Cent. Dig. § 53; Dec. Dig. ☞18(3).]

**12. EASEMENTS ☞36(1)—PRESCRIPTION—WAY—PRESUMPTION AND BURDEN OF PROOF.**

The rule that the burden of proof rests upon one asserting a right of way over another's land by prescription to establish the negative fact that the owners of the servient estate were free from legal disability during the prescription period applies only where prescription is claimed against those who are not parties to the suit; and no more proof is required as against a defendant in a suit to establish an easement by prescription than to establish title by limitation in a suit for trespass to try title.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77, 78, 88, 89; Dec. Dig. ☞36(1).]

**13. EASEMENTS ☞35—EXCEPTIONS — PLEADING.**

If there are exceptions taking the case of a prescriptive easement of way out of the statute, they must be pleaded.

[Ed. Note.—For other cases, see Easements, Dec. Dig. ☞35.]

Appeal from District Court, San Saba County; N. T. Stubbs, Judge.

Suit for injunction by Mrs. Maud Callan and others against G. A. Walters and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Rector & Rector, of San Saba, for appellants.  Walters & Baker, of San Saba, for appellees.

## Findings of Fact.

JENKINS, J. In February, 1905, and prior thereto, W. K. Ray was the owner of two lots on the north side of the public square in the town of San Saba, each being 30 feet front. Upon the west lot Ray had erected a two-story stone building, the entrance to which was by a wooden stairway, leading from the sidewalk on the east side of said building. The east lot at that time was vacant. At the date above mentioned Ray sold the east lot to the First National Bank of San Saba. Ray was the president and principal stockholder of said bank. He entered into an oral agreement with the bank that it could erect a two-story house upon the vacant lot, and tie the same onto the east wall of the stone building, and that the bank was to build a stairway at the place occupied by the wooden stairway, and that he was to have the right to use the same as an entrance to the stone building. The calls in the deed executed by Ray to the bank are as follows:

"Parts of lots 8 and 9 in block No. 12 of the old town division of San Saba, more particularly described as follows: Beginning at a stake in the south boundary line of said block No. 12, at the S. E. corner of the stone storehouse owned by said Ray on said block No. 12 for the S. W. corner of this subdivision; thence north with the east wall of said building to its N. E. corner and continuing north with the line of said east wall the full distance of 100 feet from said beginning corner to an iron pin set for N. W. corner of this subdivision; thence east parallel with the south boundary line of block No. 12 30 feet to an iron pin set for N. E. corner of this subdivision; thence south parallel with the west line of this subdivision 100 feet to an iron pin set on south boundary line of said block No. 12 for S. E. corner this subdivision; thence west with south boundary line of said block No. 12 30 feet to the place of beginning, being 30 feet front on the public square"— with the usual habendum clause and covenants of warranty.

It will thus be seen that this deed was in the usual form, making the east wall of the stone house the west line of the lot sold, and not reserving any right of way for a stairway in the lot sold. Thereafter the bank erected a two-story brick house on its lot, with a stairway at its southwest corner, landing in a hall, by means of which entrance through the door as it formerly existed in the east wall of the stone building was made to said building. On September 28, 1906, Ray conveyed the lot upon which was situated the stone house to E. T. Neal, properly describing the same by metes and bounds, with the usual habendum clause and covenants of warranty. No reference was made in this deed to the right to use the stairway in the bank building. On December 13, 1906, the bank, for a valuable consideration, conveyed the east lot to G. A. Walters, the description in said deed being the same as in the deed to the bank.

On November 28, 1913, E. T. Neal conveyed the west lot to Mrs. Maud Neal, now Callan, the description in said deed being the same as in the deed to him. All of these deeds were promptly filed for record in San Saba county. The tenants of W. K. Ray and of E. T. Neal and of Mrs. Maud Callan used the stairway in the bank building as a means of ingress and egress to the stone building until shortly before this suit was filed, November 4, 1915, at which time the appellee herein closed up the door in said east wall with solid masonry. It should have been stated that prior to bringing this suit G. A. Walters sold an undivided half interest in the bank lot to the other appellee herein, J. H. Baker. Neither Walters nor Baker, at the time of their purchase, had any actual notice of the oral agreement between Ray and the bank with reference to the use of said stairway. No objection to such use was made by the bank while it owned said building, nor by Walters, until some time in May, 1913, at which time appellee Walters wrote E. T. Neal at Ft. Worth, Tex., where said Neal was then residing, that he did not wish him to longer use said stairway, and that he desired him to close the door leading from the upper landing into the stone building. Thereafter, in the summer of the same year, Walters testified that he had a conversation with E. T. Neal in the town of San Saba, in which, after discussing the matter of common use of the stairway leading to the upper stories of said buildings, he agreed with and promised said Neal that, if he would see that his tenants did not injure of deface said stairway, or the walls thereof, he (Neal) might have and enjoy the use of said stairway so long as he owned said building. Neal admitted receiving this letter, to which he did not reply, but denied the subsequent conversation; but, as the court before whom this case was tried without a jury rendered judgment in favor of appellees, it is our duty to find the facts in accordance with Walters' testimony, and we accordingly do so. Walters testified that he closed the door in the store building by consent of the agent of appellant, but this was denied by said agent.

J. P. Callan, the husband of Mrs. Callan, was joined pro forma as party defendant in the suit. This suit was brought to enjoin appellees from interfering with appellant's use of the stairway, and to establish her easement therein. The court rendered judgment in favor of appellees.

## Opinion.

[1] An easement may be briefly defined as the right which one person has to use the land of another for a specific purpose. 9 R. C. L. p. 735; Stephenson v. Ry. Co., 181 S. W. 568; Harrison v. Boring, 44 Tex. 267; Jackson v. Trullinger, 9 Or. 397.

[2] It may be created by grant, express or implied, by estoppel, and by a way of necessity. If by grant it must be in writing.

"That an easement over land is such an interest in the land as to require in its conveyance the same formality as is necessary for the con-

veyance of the fee is too well settled for discussion." King v. Driver, 160 S. W. 416, citing Railway Co. v. Durrett, 57 Tex. 48; Shepard v. Railway Co., 2 Tex. Civ. App. 535, 22 S. W. 267; Irrigation Co. v. Hutchins, 21 Tex. Civ. App. 275, 52 S. W. 101; San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 477, 44 S. W. 476.

See, also, Bowington v. Williams, 166 S. W. 719; Railway Co. v. Johnson, 156 S. W. 256; Ives v. Edison, 124 Mich. 402, 83 N. W. 120, 50 L. R. A. 134, 83 Am. St. Rep. 329.

As Ray did not expressly reserve in his deed to the bank the right to use the stairway when erected, and as the bank never executed a written conveyance of such easement to Ray, it follows that no easement was created in the stairway by express grant.

[3] Appellants insist that the deed from Ray to Neal conveyed such easement by implication. If it had done so in express terms, it would be of no avail, except as a basis for limitation, if Ray had no such easement. He could not convey a greater estate than he had. Ray, as is evident from the authorities above cited, had no easement in the stairway, unless he obtained the same by estoppel, by prescription, or by way of necessity, which features of this case will be discussed in a subsequent part of this opinion.

Appellants rely chiefly upon the case of Howell v. Estes, 71 Tex. 693, 12 S. W. 62, in support of their proposition that the easement passed by implication in the deed from Ray to Neal. That case differs from this in the essential feature that Howell owned both buildings, and therefore had the right to convey an easement in the stairway in one as appurtenant to the other. Having erected the two buildings, and provided but one stairway, it was to be presumed that he intended it as the permanent and only passway to both buildings, and his conveyance of the buildings carried with it, by necessary implication, the right to permanently use such stairway for both buildings. That this is the ground upon which said decision rests is evidenced by the following language, quoted with approval by the court from Gale & Wheatley on Easements:

"Strictly speaking, a man cannot subject one part of his property to another by an easement, for no man can have an easement on 'his own property, but he obtains the same right by the exercise of another right, *the general right of property* [italics ours]; but he has not thereby permanently altered the quality of the two parts of his heritage; and if, after the annexation of the peculiar qualities, he alienates one part of his heritage, it seems but reasonable that, if the alterations thus made are palpable and manifest, a purchaser should take the lands burthened or benefited, as the case may be, by the qualities which the previous owner had undoubtedly the right to attach to it." 71 Tex. 693, 12 S. W. 62.

[4] In the instant case Ray did not own the bank building at the time of his conveyance to Neal, and therefore had no right to burthen it with an easement over the stairway. His deed to Neal being in the ordinary form, no implication arises that he intended to do so. Ray's deed to the bank being in the ordinary form, there is no implication that he intended to reserve a right to use the stairway thereafter erected by the bank as a means of access to the upper story of his building, unless the same was a way of necessity. So far as the deed is concerned, it does not appear that the bank was under any obligation to erect a stairway, or even a building on the lot which it purchased from Ray. It might have erected a one-story building, or it might have put its stairway on the east instead of the west side of its building. The wooden stairway theretofore used by Ray did not create an easement on his adjoining lot, "for no man can have an easement on his own property." Howell v. Estes, supra; Alley v. Carleton, 29 Tex. 78, 94 Am. Dec. 260.

[5] Did Ray acquire an easement in the stairway as against the bank by estoppel? Appellants insist that he did by reason of the oral agreement that he should have such easement in consideration of the use of his wall by the bank, and that said agreement was acted upon. If permitting the use of the wall by the bank may be considered the payment of the purchase money, as we think it should, that alone would not take the oral agreement out of the statute of frauds. Jones v. Carver, 59 Tex. 296; Sullivan v. O'Neal, 66 Tex. 435, 1 S. W. 185; Ward v. Stuart, 62 Tex. 335; Munk v. Weidner, 9 Tex. Civ. App. 491, 29 S. W. 410.

The record shows no act upon the part of Ray which would work an estoppel in pais. He made no improvements upon his building, and spent no money thereon in reliance upon the oral agreement that he was to have the right to use said stairway. If the bank was still the owner of the lot which it bought from Ray, and it paid no consideration for the use of Ray's wall except its verbal promise to allow him the use of its stair, and now refused to permit such use, Ray might recover of it the value of the use of said wall, and thus recoup himself by an action at law, without recourse to the equitable doctrine of estoppel in pais.

[6] But whatever might be said in support of estopel as against the bank, there is no estoppel as against appellees, for the reason they are innocent purchasers for value, without notice, actual or constructive, of the alleged equities in favor of Ray and his assignees. Appellants contend that Walters had notice of Ray's claim of easement for the reason that his tenants were using the stairway at the time Walters purchased from the bank. But the bank was also using the stairway. Ray's use was not exclusive, and therefore apparently not adverse. It was consistent with a license from the bank to so use such stairway. Possession is constructive notice, the same as a recorded deed. Watkins v. Edwards, 23 Tex. 443; Calvert v. Roche, 59 Tex. 463; Harold v. Sumner, 78 Tex. 581, 14 S. W. 995. But, to operate as notice, such possession must be adverse,

thereby giving notice of a claim of right. The use of a way over the land of another when the owner is also using the same is not such adverse possession as will serve as notice of a claim of right, for the reason that the same is not inconsistent with a license from the owner. Bowington v. Williams, supra; Railway Co. v. Johnson, supra; Galveston v. Menard, 23 Tex. 410; Long v. Mayberry, 96 Tenn. 378, 36 S. W. 1040; Dunham v. Joyce, 129 Mo. 5, 31 S. W. 337. If this doctrine would not apply to the bank by virtue of actual notice of Ray's claim of right by virtue of the oral agreement, it would apply to Walters who had no notice of such agreement.

[7] Appellants say that the fact that the bank building was using Ray's wall as a partition wall was open and visible, and should have led Walters to inquire what consideration was paid therefor, and that such inquiry would have led him to a knowledge of the fact that the consideration was the right to use the stairway. There was nothing in the fact that the bank was using Ray's wall as a partition wall to excite inquiry as to what consideration was paid therefor. Ray owned the stone building, and he was president of the bank. Presumably he received a satisfactory consideration for the use of the wall, and no other presumption arose from the facts known to Walters. As Ray was the principal stockholder in the bank, he received a financial benefit by allowing the use of his wall as a partition wall, thereby saving the bank the expense of building a wall; and Walters might reasonably have presumed that this was the consideration received by Ray for the use of the wall.

Appellants argue that the price paid by the bank for the lot ($600) should have indicated to Walters that some additional consideration must have been paid for the use of the wall. There is nothing in the record to indicate that the lot, together with the right to use the wall, was worth more than the consideration recited in the deed to the bank.

[8, 9] If limitation ran in favor of Ray and his assigns, in order for him to acquire an easement by prescription, such limitation must have continued for a period of ten years. Martin v. Burr, 171 S. W. 1046. Without deciding whether or not limitation ran against the bank, we hold that it did not run against Walters, for the reason that he had no actual notice of Ray's claim of right to use the stairway, and the use of the same by Ray jointly with the owners of the bank building was not such adverse possession or user as implied the assertion of a legal right, rather than a license to so use the same. Long v. Mayberry, supra; Sassman v. Collins, 53 Tex. Civ. App. 71, 115 S. W. 338; Williams v. Kuykendall, 151 S. W. 629; Railway Co. v. Johnson, 156 S. W. 254.

"Since prescription is founded upon the supposition of a grant, the use or possession on which it is founded must be adverse, or of a nature to indicate that it is claimed as a right, and not the effect of indulgence or of any compact short of a grant. If the enjoyment is consistent with the right of the owner of the tenement, it confers no right in opposition to such ownership." 9 R. C. L. p. 776, and authorities cited in note 2.

"Evidence of adverse possession must be clear and positive, and should be strictly construed." 9 R. C. L. p. 782.

The bank purchased the lot from Ray in February, 1905. It sold the same to Walters in December, 1906. So that, if limitation ran against the bank, it continued for a period of less than two years. Even if limitation ran against Walters, so long as he did not object to the use of the stairway by Ray and his assigns, such limitation ceased to run in the summer of 1913 (eight years after the conveyance to the bank), when Walters asserted his right to the exclusive control of the stairway, and Neal agreed to continue its use as the licensee of Walters.

[10-12] Ray did not acquire an easement in the stairway by way of necessity. Such right is acquired where the owner of land sells a part thereof, and it is necessary for him to pass over the land sold in order to reach that which he has retained.

"A way of necessity must be more than a way of convenience; it must be an absolute necessity, without which the party claiming it would be wholly deprived of the use of his land." Williams v. Kuykendall, supra, 151 S. W. 630; Bowington v. Williams, supra; 9 R. C. L. p. 763.

In the instant case Ray or his assigns could obtain access to the upper story of the stone building by means of a stairway inside thereof. The front of this building is 30 feet. This would lessen, but not destroy, the value of such front. The erection of such stairway would cost something; the amount is not shown in the record. On the other hand, it appears that such building would receive a benefit from closing the door in the east wall, by reason of the fact that it would reduce the rate of insurance. But whether or not the cost would exceed the benefit is immaterial, it clearly appearing that the use of the stairway in the bank building is not necessary to the use of the upper story of the stone building.

We do not assent to appellees' proposition that the burden was on appellants to show that the owners of the bank building were not under disability during the period claimed as prescriptive. Appellees cite in support of their contention West v. City of Houston, 163 S. W. 679, in which Mr. Justice Higgins, speaking for the Court of Civil Appeals at El Paso, said:

"It seems to be settled in this state that the burden of proof rests upon one asserting a right of way over another's land by prescription to establish the negative fact that the owners of the servient estate were free from legal disability during the prescriptive period, against whom a prescriptive right might be acquired by adverse use."

We think, as intimated by our Supreme Court in City of Austin v. Hall, 21 Tex. Civ. App. 174, 57 S. W. 573, that this rule applies only where prescription is claimed against those who are not parties to a suit. The other cases cited in West v. Houston rest upon the supposed authority of Austin v. Hall, which expressly limits its holding to those who are not parties to the suit. We see no reason why more proof should be required, as against a defendant to a suit, to establish an easement by prescription than to establish title by limitation in a suit of trespass to try title.

[13] In such suit, if there be exceptions taking the case out of the statute, they must be pleaded. Ortiz v. Benevides, 61 Tex. 63; Lewis v. Terrell, 7 Tex. Civ. App. 314, 26 S. W. 754; Phillips v. Sherman, 39 S. W. 187; Byers v. Carll, 7 Tex. Civ. App. 423, 27 S. W. 190; Childress v. Grim, 57 Tex. 56. This applies also to other forms of actions. June v. Brubaker, 5 Tex. Civ. App. 79, 24 S. W. 79.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.