ESPEJO LAND & IRRIGATION CO. v. URBAHN. (No. 6031.)

(Court of Civil Appeals of Texas. San Antonio. May 15, 1918.)

1. EASEMENTS ⊙=36(3)—ROADWAYS—PERMISSIVE USE—EVIDENCE.

Evidence *held* to show that roadway over defendant's land was used with his permission, and that use was not exclusive, nor adverse, nor reasonably necessary.

2. DEDICATION ⊙=44 — HIGHWAYS ⊙=17 — EVIDENCE.

Evidence *held* insufficient to show that alleged road was a public way, or was ever dedicated or accepted by the county.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by the Espejo Land & Irrigation Company against Albert Urbahn. Injunction refused, and plaintiff appeals. Affirmed.

Barrett, Eskridge & Barrett, of San Antonio, for appellant. Hicks, Hicks, Dickson & Bobbitt and S. T. Phelps, all of San Antonio, and John A. Valls, of Laredo, for appellee.

SWEARINGEN, J. By this suit the Espejo Land & Irrigation Company, appellant, sought by injunction to restrain Albert Urbahn, the appellee, from obstructing a roadway, hereinafter called the "contested road," which extended in a southwesterly direction for a mile or more from the Laredo public road to the land belonging to Dario Sanchez over appellee's Santa Rosa ranch, of about 12,000 acres. Upon the trial the court, without a jury, refused the injunction.

The first amended petition alleges that appellee was the owner of both the Santa Rosa and the Espejo ranches, the one containing about 12,000 acres of land, and the other about 18,000 acres; that in 1910 appellant purchased from appellee the Espejo ranch; that at the time appellant bought the Espejo ranch from appellee there was a well-defined roadway extending from the western end of the Espejo in a northeasterly direction, one end of which was on the Santa Rosa ranch; that, when the Espejo ranch was the property of appellee, this obvious, open, and continuous roadway over the Santa Rosa was made by appellee a servitude on the Santa Rosa for the benefit of the Espejo. It was alleged that this servitude was one of the appurtenances of the Espejo lands, included in the conveyance from appellee. It was alleged that the open roadway over the Santa Rosa was granted by implication, because it was a way of necessity, that appellee had requested permission from appellant in 1913 to change the location of the roadway over the Santa Rosa, which request appellant had granted, and that therefore appellee was estopped from obstructing the roadway; again, it was alleged that persons attending the public school and church at Espejo had customarily used this open and obvious roadway for so many years that such persons, as well as appellant, had acquired the right to the use of the roadway by prescription; and, finally, it was alleged that the roadway had been dedicated to the public use and accepted by the county as a public road. The dominant and servient lands were described, and the location of the roadway before and after changes in its location were indicated, by a map made a part of the petition. This map disclosed that the Espejo and Santa Rosa ranch had no common boundary, but that they were separated by the width of the Dario Sanchez land, which was 1,000 varas wide. This map further discloses that the same public road to Laredo, into which the contested roadway leads, also runs through the Espejo ranch, and forms the eastern boundary of the western portion of the Espejo, which portion is claimed to have the servitude of the roadway over the Santa Rosa.

Appellee admitted that there was a roadway as described by appellant, but alleged that it was made and maintained by him for his own convenience in passing from one of his properties to the other; that appellant's use of the roadway was by his permission, requested and granted; that this permission was conditioned upon appellant's keeping the gates of ingress and egress closed, but this condition had never been complied with by appellant; that the public Laredo road was as conveniently reached over appellant's own land as by the roadway over the lands of appellee and Dario Sanchez.

The undisputed facts are that appellee owned both ranches, and, while the owner

---

of both, in 1910 conveyed the Espejo ranch to appellant, retaining the Santa Rosa. During the period of unity of ownership, there was an open, obvious, used and continuous roadway, located about a mile east of the Rio Grande river and extending from Zapata county, thence in a northerly course about parallel with the meanders of the river, crossing in its course the western end of the lands of the Espejo ranch, and the lands of Dario Sanchez and of the Santa Rosa, finally terminating in the Laredo road, which is a public road of the first class. At the time of the purchase by appellant there was an obvious roadway, which we shall denominate the "tank road," about midway between and parallel with the north and south boundary lines of the Espejo, extending from the road last above described, a distance of two miles, to the same Laredo public road above mentioned. This Laredo road divides the Espejo ranch into two tracts, and is the eastern boundary of the river end of the Espejo, which contains 3,830 acres of land; and the Laredo road is, of course, the western boundary of eastern parcel of the Espejo. The tank road is as passable a road and in every way as convenient a road for the Espejo ranch to Laredo as the contested road, except that it makes the route from the improvements on the Espejo to Laredo approximately a mile longer.

In 1913 appellee had that portion of the contested road which was on the Santa Rosa discontinued, but made a road for his convenience about a half mile further east and in a parallel course with the contested road. Permission to use this new road was expressly given to the appellant. Both the Santa Rosa and the Espejo were inclosed with fences, with gates where the old contested road and the new one crossed the fences. The Dario Sanchez 2,500 acres, lying between the Santa Rosa and the Espejo, over which the contested road ran for more than a half mile, was not inclosed with fences at the time appellant bought the Espejo.

[1, 2] In deference to the judgment of the trial court, we find that the weight of the evidence establishes as a fact that appellant used the passageway over the Santa Rosa by permission of appellee, and that the use was not exclusive nor adverse, and that the use of the Santa Rosa for a roadway was not reasonably necessary. We further find as a fact that the said contested road never became a public way, and was never dedicated nor accepted by the county. Howell v. Estes, 71 Tex. 690, 12 S. W. 62; Williams v. Kuykendall, 151 S. W. 629; Callan v. Walters, 190 S. W. 832; Bowington v. Williams, 166 S. W. 719; Sassman v. Collins, 53 Tex. Civ. App. 71, 115 S. W. 337; Hall v. City of Austin, 20 Tex. Civ. App. 63, 48 S. W. 53; Alley v. Carleton, 29 Tex. 74,

94 Am. Dec. 260; Gilder v. City of Brenham, 67 Tex. 345, 3 S. W. 309; Jones on Easements (1898) § 317, and sections 25, 257, and 262.

There was no express nor implied grant, no way of necessity, none by prescription, nor by estoppel.

The judgment of the trial court is affirmed.

