**HANDAL v. COBO & DOSAL.   (No. 6433.)**

(Court of Civil Appeals of Texas.   San Antonio.   Oct. 13, 1920.   On Motion for Rehearing, Nov. 10, 1920.)

1. Easements ⚖=12(1)—Right to use alleyway on vendor's premises held enforceable under verbal agreement.

Where a portion of a parcel of land upon a city street was conveyed by metes and bounds, with the verbal understanding that vendee could use an alleyway on plaintiff's premises to reach the rear of a building, which she was contemplating constructing, and the right to use such alleyway affected the purchase price, and the vendee constructing a building in reliance thereon, and the vendor permitting the use of such alleyway by defendant for some time, the vendee could enforce his right to use such alleyway under the verbal agreement, being actually executed.

2. Easements ⚖=61(11)—Limit of recovery in action to have easement declared in land.

In an action wherein a judgment was desired decreeing plaintiff to be entitled to an easement in land, *held* that the damages recoverable must be limited to those growing out of the wrongful deprivation of the enjoyment of easement.

Appeal from District Court, Maverick County; Joseph Jones, Judge.

Action by George Handal against Cobo and Dosal.   Judgment for defendants, and plaintiff appeals.   Reversed and remanded.

Ben V. King, of Eagle Pass, for appellant.
Sanford & Wright, of Eagle Pass, for appellees.

MOURSUND, J.   Appellees were the owners of a parcel of land in Eagle Pass, with a frontage of 90 feet on Commercial street and a depth of 150 feet.   There was a brick store building on the north portion of said parcel. On January 19, 1917, they conveyed to appellant, for $2,500, by two general warranty deeds, the southern portion of said parcel of land, fronting 39½ feet on Commercial street, and running back only 125 feet for depth. There was a strip about 7 feet and 3 inches wide between the appellees' said store building and the north line of the parcel conveyed to appellant.   This strip is used by appellees exclusively as an alleyway.   South of the parcel conveyed to appellant and abutting upon its south line there is a brick building extending the full length of the parcel conveyed appellant, which building is owned by Issa A. Marcos.   Thus it appears that the parcel acquired by appellant is bounded on the west by the street, on the south by the Marcos building, on the east and north by land owned by appellees.   The appellant's purchase was made with the intention of erecting a store building adjoining the 7 foot 3 inch strip of land, and such intention was known to appellees.   The appellant purchased said parcel of land with the distinct verbal understanding between himself and appellees that he was to have an easement over the 7 foot 3 inch strip above described, and the right to use the same for an alleyway, to reach the rear of a building which he contemplated erecting upon said parcel.

Relying upon the fulfillment of such agreement, appellant was induced to purchase said parcel of land, paying therefor $2,500 cash, and to, on February 10, 1917, enter into a written contract for the erection thereon of a two-story brick building, 36½ feet by 70 feet, for a consideration of $5,700, the ground floor of which was to be used by appellant as a retail dry goods store, and the upper floor as living quarters for himself and family.

The foundation of reinforced concrete was laid along appellant's north and west lines. Appellant at this juncture left for the eastern markets to buy goods, and while he was gone the appellees, without his knowledge or consent, by representing to the contractor that the alleyway was for the benefit of appellant as well as themselves, and that it would scarcely be of sufficient width if appellant's north wall was placed flush with the line, caused said contractor to shift and move said wall 8 inches south of the line.   In making this shift the north wall·was placed 8 inches nearer the Marcos building, thus reducing the space between said building and appellant's building from 3 feet to 2 feet and 4 inches. This space was intended to provide a footway to reach appellant's dwelling quarters when the store was closed, and the reduction in the width thereof prevented him from using a hand truck or wheelbarrow in moving merchandise, wood, etc., from the front to the rear of the building.   Said acts of appellees thus resulted in the appropriation by them of an 8-inch strip belonging to appellant to their use and benefit as a part of said alleyway. In order to shift the walls 8 inches, it became impossible to use the concrete foundation as support for the floor 'joists, thus making it necessary to run a line of heavy timbers along the north wall for the support of the floor joists, which caused the floor to be less solid and substantial, and by reason of said timbers resting on the ground they were subjected to early decay.

The building was completed about June 1, 1917, at a cost of $5,700.   During the construction of the building ,and until about October 1, 1917, the appellant enjoyed the use of said alleyway to reach the rear of his building with wagons or other vehicles. About October 1, 1917, he made a trip to Dallas, and on his return found that appellees had erected a gate at the entrance of said alleyway and had locked the same.   Upon in-

quiring, he was informed that he would no longer be permitted to use such alleyway.

Thereupon appellant instituted this suit, alleging the foregoing as facts, and further alleging that by reason of such facts the appellees were precluded and estopped from denying the existence of appellant's right to use said alleyway for the purposes mentioned; further that by reason of the facts stated he is entitled to an easement to use said alleyway by necessity, there being no other way of reaching the back of his building by means of wagons. He further pleaded that said alleyway was an appurtenance to the land conveyed him, and that it passed by virtue of the habendum clauses in the deeds, which were copied, and are in the usual form. The petition also contained averments in substance charging that the agreement and representations concerning said alleyway were made with the intent and purpose in mind to thereafter breach said verbal agreement and deprive appellant of the use of the alleyway; that appellees are competitors of appellant in business, and that their conduct and actions in the premises were wrongful, oppressive, malicious, and in wanton disregard of appellant's rights under said verbal contract. It was alleged that appellant, by reason of inability to move wood and merchandise to the back of his store except through the front door, has been damaged in the sum of $400; that by reason of the use of the timbers for the support of the floor joists his building has been damaged to the extent of $500; that by narrowing the footway and the appropriation of said 8-inch strip of land he has been damaged in the sum of $250; and that he should be awarded $500 as exemplary damages. He prayed that said way and easement be established and defined, and that he recover his damages as alleged, and for general relief. A general demurrer was sustained.

In the case of Newman v. Nellis, 97 N. Y. 289, Nellis conveyed to Michael Newman a parcel of land by metes and bounds, making no reference to any street or to any map. Nellis owned the land on the south side of the granted premises, but no street had then been opened thereon along the southerly bounds of the lot conveyed. During the negotiations Nellis represented there was a street along the southerly bounds of the lot, and promised that he would shortly thereafter open it for the convenience of Michael, his family, his assigns, and the public. Michael, relying thereon, was induced to purchase the lot, and, still relying thereon, erected a dwelling house near the southerly bounds, as was contemplated and understood between the parties during the negotiations. Afterwards Nellis opened said space as a street, and it was enjoyed and used by Michael and his family and the public as a street for about eight years. Nellis then obstructed it. The

lot had been conveyed by Michael to Parkhurst, and by the latter to Mrs. Michael, who sought an injunction against Nellis. The court said:

"It may be conceded that the promise of the defendant, made to Michael Newman to open the street, standing alone, would, if unexecuted, be incapable of enforcement. The plaintiff would encounter several difficulties. In the first place, she would be met by the objection that the deed was the final consummation of the bargain, and merged all prior negotiations and stipulations. If this could be answered by the claim that the promise to open the street was a distinct collateral undertaking, and was not therefore within the rule excluding parol evidence to vary a written instrument (as to which we express no opinion), the further objection affecting the legal validity of the promise would remain that it related to an incorporeal right in the real estate, and, not being in writing, was void by the statute of frauds. But we know of no rule of law which prevents a party from performing a promise which could not be legally enforced, or which will permit a party, morally but not legally bound to do a certain act or thing, upon the act or thing being done, to recall it to the prejudice of the promisee on the plea that the promise, while still executory, could not, by reason of some technical rule of law, have been enforced by action. In this case the promise of the defendant to open the street was specifically performed. His promise entered into the price of the lot, and what he did must be assumed to have been done in performance thereof. There was not only a promise to open the street, but the defendant represented that the space was in fact a street. Upon this representation and promise the purchaser relied, and when the street was opened he used it as a way for himself and his family, without objection, until he conveyed the lot to the plaintiff in 1874, who continued the use until prevented by the defendant in 1875. If the question here was between the defendant and Michael Newman, there would, we think, be no question. The promise to open the street was founded on a consideration, and was actually executed. No formal grant of the easement was contemplated. But Michael Newman was put into the possession and enjoyment of the easement and of the land, so far as the nature of the right admitted. The defendant, by opening the street in pursuance of his agreement, appropriated the space as a way appurtenant to the premises, and he could not subsequently recall the dedication. To permit him to do so would operate as a fraud upon his grantee and subsequent purchasers."

[1] This language applies with full force to the facts of this case as alleged in the petition. We find no Texas case in which the facts are as nearly like those in this case as are those shown in the New York case, but the principle upon which the decision is based finds support in a number of our decisions. See Harrison v. Boring, 44 Tex. 256–269; Mills v. Bodenheim, 184 S. W. 633; Temple v. Sanborn, 41 Tex. Civ. App. 65, 91 S. W.

1095; Callan v. Walters, 190 S. W. 829; Weynand v. Lutz, 29 S. W. 1097; Bowington v. Williams, 166 S. W. 719.

We conclude that the petition states a cause of action, showing the right to assert the easement claimed by appellant, irrespective of the allegations concerning the changes in the construction of the building brought about by representations made by appellees to the contractor. As we understand the case, the primary purpose is to establish the easement, and various items of damages are asserted only for the purpose of meeting the contingency that it might be held that some rule or rules of law precluded a decree establishing the existence of the easement, but that such rule or rules would not preclude the recovery of damages under the facts alleged.

[2] As a judgment is desired decreeing appellant to be entitled to the easement, it follows that the damages recoverable in connection with such a judgment must be limited to those growing out of the wrongful deprivation of the enjoyment of the easement.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

The correctness of our statement of the allegations has been challenged in two particulars, the first of which is that there is no allegation to the effect that "this strip is used by appellees exclusively as an alleyway." In paragraph 4 the strip is described, and then follows the statement, "which said strip of land is used by defendants exclusively as an alleyway." We undertook to state fairly, but briefly, the substance of the petition, and believe we succeeded. However, we do not wish to be understood as attaching any particular importance to said allegation, for we believe the result would have been the same if the word "exclusively" had been omitted. The other objection is that there is no allegation to the effect that—

"Said acts of appellees thus resulted in the appropriation by them of an 8-inch strip belonging to appellant, to their use and benefit as a part of said alleyway."

In paragraph 9 it is alleged that defendants induced the contractor to change the location of the wall, "thereby leaving a strip of plaintiff's land 8 inches wide by 70 feet long north of his building and in said alleyway." Paragraph 18 contains the following allegation:

"That the result of defendant's unauthorized action in causing his building to be shifted as set out in paragraph 9 hereof was to reduce the width of said footway from 3 feet to 2 feet 4 inches, and to appropriate the strip of plaintiff's lands 8 inches wide by 70 feet in length, along his north line, to the use of said alleyway and thereby to the use and benefit of themselves, the defendants."

We believe these portions of the petition sustain the statements in the opinion. If not, this opinion will serve as a correction of the original with regard to the portions criticized.

We find no reason for changing our views with reference to the questions of law involved, and deem it unnecessary to write further with regard thereto.

Appellees' motion for rehearing is overruled.